**Paolo ZINNANTI, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 80–4020
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 24, 1981.

---

1. Tex.Bus. & Com.Code § 9.114 (Vernon 1980).

David A. Kattan, New Orleans, La., for petitioner.

Frank O. Bowman, III, Gen. Litigation & Legal Advice Sec., Dept. of Justice, Stephen M. Weglian, James P. Morris, Atty., Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Petitioner, Paolo Zinnanti, pleaded guilty and was convicted in the Orleans Parish Criminal District Court, New Orleans, Louisiana, for possession of an unregistered sawed-off shotgun having a barrel less than 16″ long in violation of Louisiana Revised Statutes § 40:1785. At the hearing before the Immigration Judge on the order to show cause why he should not be deported for his state court conviction, Zinnanti conceded that he is deportable under 8 U.S.C. § 1251(a)(14), but raised several alternative grounds for relief. The Immigration Judge held Zinnanti to be deportable, and the Board of Immigration Appeals affirmed. Because the grounds raised in Zinnanti's petition for review are without merit, we also affirm.

Zinnanti asserts that he received ineffective assistance of counsel in his state court criminal proceedings. He claims that his lawyer failed to advise him that his guilty plea could later subject him to deportation. Zinnanti does not contend, however, that his Louisiana conviction lacks the requisite degree of finality to form the basis for his deportation. See Pino v. Landon, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (per curiam).

Nevertheless, whatever the merits of his ineffective assistance of counsel claim may be, Zinnanti cannot collaterally attack the legitimacy of his otherwise valid state criminal conviction in the deportation proceedings. Confronted with a similar argument, the Ninth Circuit explained,

Petitioner's contention before the Immigration and Naturalization Service (INS) that the state court convictions were legally infirm was addressed to the wrong forum. As an administrative agency, the INS has no power to adjudicate the validity of state convictions underlying deportation proceedings. *Aguilera-Enriquez v. INS*, 516 F.2d 565, 570 (6th Cir. 1975), *cert. denied*, 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). Since the convictions were final—there were no appeals taken from them—there was an adequate basis for the order of deportation. *Id.; Marino v. INS*, 537 F.2d 686, 691–92 (2d Cir. 1976).

*Ocon-Perez v. INS*, 550 F.2d 1153, 1154 (9th Cir. 1977). *Accord Chiaramonte v. INS*, 626 F.2d 1093, 1098 (2d Cir. 1980) (alien cannot attack foreign criminal conviction).

We agree with the analysis in *Ocon-Perez*. Immigration authorities must look solely to the judicial record of final conviction and may not make their own independent assessment of the validity of Zinnanti's guilty plea. *See, e. g., Longoria-Castenada v. INS*, 548 F.2d 233, 236 (8th Cir. 1977); *Lennon v. INS*, 527 F.2d 187, 194 n.16 (2d Cir. 1975). Allowing a collateral attack on a criminal conviction in administrative proceedings concerned with deportation could not, as a practical matter, assure a forum reasonably adapted to ascertaining the truth of the claims raised. It could only improvidently complicate the administrative process. Once the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a judicial post-conviction proceeding. Accordingly, the order of deportation was properly issued.

Zinnanti raises three additional arguments. First, he says that a sawed-off

shotgun is not covered by 8 U.S.C. § 1251(a)(14). Second, he contends that the INS and the Immigration Judge should have advised him of possible eligibility for discretionary relief under 8 U.S.C. § 1182(h). Third, he urges that he is eligible for discretionary relief under 8 U.S.C. § 1182(c). After considering these arguments in light of the record, we find they are entirely without merit.

AFFIRMED.