**Kalada Wilfred BROWN, Petitioner,**

**v.**

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 88–4263**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1988.

---

Kalada Wilfred Brown, El Paso, Tex., pro se.

Robert L. Bombough, Dir., Office of Immigration Litigation, Civ. Div., Richard M. Evans, Alice M. Smith, Charles E. Pazar, Washington, D.C., John B.Z. Caplinger, Acting Dist. Director, INS, New Orleans, La., A.H. Giugni, Deputy Dist. Director, El Paso, Tex., for INS.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Kalada Wilfred Brown petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an order of deportation entered by an immigration judge. Concluding that Brown is subject to deportation and is ineligible for discretionary relief therefrom, we deny review.

### Background

On January 12, 1980, Brown entered the United States on a student visa. On April 26, 1982, following his marriage to an American citizen, his status was adjusted to permanent resident alien. That marriage ended in divorce in December 1982. Brown remarried in July 1985 and on February 1, 1986 a daughter was born to that union.

In August 1982 Brown was the subject of two criminal complaints in the state of Wisconsin. In one county he was charged with two felony counts of delivery of tetrahydrocannabinol (THC),[1] in violation of Wisconsin law. In another county he was charged with four identical counts and a fifth involving delivery of cocaine. He pled guilty to three of the counts involving THC; the other counts were dismissed.

The felony convictions triggered the initiation of deportation proceedings by the Immigration and Naturalization Service (INS), pursuant to § 241(a)(11) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1251(a)(11), which provides for the deportation of any alien who "has been convicted of a violation of ... any law or regulation of a State ... relating to a controlled substance."

The immigration judge found Brown deportable and ineligible for the discretionary relief provided by § 212(c) of the INA, 8 U.S.C. § 1182(c).[2] The BIA affirmed, concluding that Brown was ineligible for § 212(c) discretionary relief because he had not accumulated seven consecutive years of lawful, unrelinquished domicile in the United States after the 1982 adjustment of his status to permanent resident. Brown petitions for review of that ruling.

### Analysis

Brown contends that he is eligible for discretionary relief from deportation under

---

1. THC is listed on Schedule I of the Controlled Substances Act, 21 U.S.C. §§ 802(6), 812.

2. 8 U.S.C. § 1182(c) provides in pertinent part: Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General....

the aegis of § 212(c), applicable to aliens "lawfully admitted for permanent residence [with] lawful unrelinquished domicile of seven consecutive years." [3] The BIA consistently has held that an alien's lawful unrelinquished domicile begins to accrue only after his or her lawful admission for permanent residence. *See Matter of S,* 5 I & N Dec. 116 (1953). Two circuits agree. *See Chiravacharadhikul v. Immigration and Naturalization Service,* 645 F.2d 248 (4th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Castillo-Felix v. Immigration and Naturalization Service,* 601 F.2d 459 (9th Cir.1979). The Second Circuit, however, disagreed in *Lok v. Immigration and Naturalization Service,* 548 F.2d 37 (2d Cir.1977) (*Lok I*), and held that to meet the requirements of § 212(c), an alien need only show that he or she (1) has been domiciled lawfully in the United States for seven consecutive years, and (2) was a permanent resident at the time of the application for discretionary relief, *not* for all seven of the years of domicile.[4]

In *Anwo v. Immigration and Naturalization Service,* 607 F.2d 435 (D.C.Cir.1979), an alien asked the District of Columbia Circuit to follow *Lok I* and hold that he was domiciled lawfully in the United States while on a student visa. The court found it unnecessary to select between the interpretation espoused by the BIA in *Matter of S* and the reasoning of the Second Circuit in *Lok I,* noting:

> We need not now choose between the conflicting interpretations of the Board and the Second Circuit, for we are convinced that even under the more permissive [*Lok I*] standard, Anwo has failed to satisfy § 212(c)'s requirement of a "lawful unrelinquished domicile of seven con-

secutive years." Although the word "domicile" is nowhere defined in the [INA], it is generally accepted that domicile is not established unless an individual intends to reside permanently or indefinitely in the new location.... In order to qualify for a student visa, however, the alien must "enter the United States temporarily and solely for the purpose of pursuing such a course of study" and must maintain "a residence in a foreign country which he has no intention of abandoning." 8 U.S.C. § 1101(a)(15)(F)(i) (1976). Thus Anwo could not have established a "lawful domicile" in the United States during the period in which he held a student visa. On the one hand, if Anwo complied with the terms of his visa and did not intend to abandon his residence in Liberia, then he was not "domiciled" in this country; on the other hand, if Anwo did intend to make the United States his permanent home and domicile, then he violated the conditions of his student visa and was not here "lawfully." Under either hypothesis, Anwo cannot satisfy the eligibility requirements of § 212(c).

607 F.2d at 437–38 (footnotes omitted).

Following *Anwo,* the Second Circuit acknowledged that its suggestion in *Lok I,* that an alien who resides in this country for three years on a student visa and for four years as a permanent resident could accumulate seven years of lawful domicile, overlooked "the fact that students may not legally form the intent to remain in the United States under the terms of their visa." *Lok v. Immigration and Naturalization Service,* 681 F.2d 107, 109 n. 3 (2d Cir.1982) (*Lok III*). Thus, the Second Circuit does not interpret *Lok I* "as permitting lawful domicile without the requisite lawful intent to remain." *Id.*

---

**3.** Although by its terms § 212(c) applies only to resident aliens outside of the United States who seek to return, the Second Circuit found that limitation unconstitutional in *Francis v. Immigration and Naturalization Service,* 532 F.2d 268 (2d Cir.1976). Subsequent to *Francis,* the BIA has held that relief is available under § 212(c) even if the alien has not left the country. *See Matter of Silva,* Interim Decision No. 2532 (BIA 1976). *But see Castillo–Felix v. Immigration and Naturalization Service,* 601 F.2d 459, 462 n. 6 (9th Cir.1979). The INS does not seek to deny

§ 212(c) *eligibility to Brown on the ground that* he has not left the United States. Accordingly, we need not decide that issue.

Additionally, the INS does not challenge Brown's current status as an alien "lawfully admitted for permanent residence."

**4.** The BIA follows *Lok I* only in cases arising in the Second Circuit. *See Matter of Lok,* 18 I & N Dec. 101 (1981) (*Lok II*).

We agree with our colleagues in *Anwo* and *Lok III* and hold that an alien cannot lawfully possess an intent to be domiciled in this country while he or she is here on a student visa. *See Elkins v. Moreno,* 435 U.S. 647, 98 S.Ct. 1338, 55 L.Ed.2d 614 (1978). Accordingly, Brown is ineligible for discretionary relief because he may not use his student visa time to satisfy the seven-year domicile requirement of § 212(c).[5]

Brown advances several other arguments. Because we find none meritorious, they merely are synopsized. The deportation is based on the Wisconsin convictions, the validity of which Brown challenges. He may not collaterally attack the legitimacy of those convictions in this proceeding. *Zinnanti v. Immigration and Naturalization Service,* 651 F.2d 420 (5th Cir.1981). Next, because Brown is deportable under § 241(a)(11), the express language of the INA renders him ineligible for relief pursuant to § 241(b), 8 U.S.C. § 1251(b) (recommendation by sentencing court), § 244(a)(1), 8 U.S.C. § 1254(a)(1) (suspension of deportation), and § 244(e), 8 U.S.C. § 1254(e) (voluntary departure). Further, Brown is ineligible for suspension of deportation pursuant to § 244(a)(2), 8 U.S.C. § 1254(a)(2), because he has not been in the United States for ten years since the convictions.

Brown's double-jeopardy contention also is groundless; it is well-settled that deportation proceedings are not criminal prosecutions. *See Immigration and Naturalization Service v. Lopez–Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984); *Patel v. Immigration and Naturalization Service,* 803 F.2d 804 (5th Cir.1986). Finally, this court does not have jurisdiction to address Brown's claim regarding his detention and bail.

Finding no validity in any point raised, the petition for review is DENIED.

---

5. Brown suggests that he could lawfully form the intent to be domiciled in this country as of the date that he filed his application for permanent-resident status. We cannot rule on the merits of that contention; the date on which the application was filed is not in this record and we cannot determine the practical relevance of the suggestion.