United States Court of Appeals,

Fifth Circuit.

No. 93-4162

(Summary Calendar).

Rene MADRID-TAVAREZ, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Aug. 27, 1993.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

WIENER, Circuit Judge:

In this appeal from the Board of Immigration Appeals (BIA), Petitioner Rene Madrid-Tavarez (Madrid) challenges the BIA's determination that he is statutorily ineligible for discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act (INA), as he had not been lawfully domiciled in this country for seven years.[1] As a matter of first impression in this circuit, we hold today that a lawful permanent resident who is short of the seven year legal residence requirement cannot meet it by tacking time previously spent in the United States as an illegal alien for purposes of § 212(c). Consequently, we affirm the decision of the BIA.

I

FACTS AND PROCEEDINGS

The facts of this case are sparse. At his deportation hearing, Madrid maintained that he illegally entered the United States sometime in 1977 or 1978, which he purported to prove with affidavits from friends. Officially, he obtained conditional permanent resident status on March 24, 1987, with the conditional status being removed in 1989. Madrid became deportable under INA § 241(a)(2)(B)(i)[2] when he was convicted for possessing cocaine. The Immigration and Naturalization

---

[1] 8 U.S.C. §§ 1101-1557, § 1182(c).

[2] *Id.* § 1251(a)(2)(B)(i).

Service (INS) issued an order to show cause and ordered Madrid to appear before an Immigration Judge (IJ).

Before the IJ, Madrid conceded his deportability, but sought discretionary relief under § 212(c). The IJ never reached the discretionary aspects of the application, as she found that Madrid could not meet the seven year residence requirement. On appeal, the BIA upheld the IJ's decision, also concluding that Madrid was statutorily ineligible for discretionary relief. Madrid timely appealed.

## II

## ANALYSIS

A. *Standard of Review*

Madrid challenges the INS's interpretation of § 212(c), which is a question of law reviewed de novo.[3] Yet, because Congress has delegated the administration of the statutory scheme to the INS, its interpretation is entitled to strong deference.[4]

B. *§ 212(c) Discretion*

Section 212(c) of the INA allows the Attorney General in his discretion to grant relief from orders of deportation to "[a]liens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." Read strictly, this language provides the discretionary relief only to resident aliens outside of the United States. But, the Second Circuit found that limitation unconstitutional in *Francis v. INS,* [532 F.2d 268,] and the BIA has since provided such discretionary relief to aliens within the United States.[5]

For the last forty years, the BIA has interpreted this language as requiring that, to be statutorily eligible, the alien must have been a *lawful* permanent resident of the United States for at least seven years prior to his or her application for § 212(c) relief.[6] Two circuits have approved this

---

[3]*Fonseca-Leite v. I.N.S.,* 961 F.2d 60, 62 (5th Cir.1992).

[4]*INS v. Cardoza-Fonseca,* 480 U.S. 421, 448, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987).

[5]*Brown v. INS,* 856 F.2d 728, 730 n. 3 (5th Cir.1988).

[6]*Matter of S--,* 5 I & N Dec. 116 (BIA 1953).

reading: the Fourth Circuit in *Chiravacharadhikul v. INS*[7] and the Ninth Circuit in *Castillo-Felix v. INS.*[8]

There is admittedly another possible reading of § 212(c): the petitioner (1) has been legally domiciled in the United States for seven years, and (2) is a permanent resident *at the time of his application,* but not necessarily for the entire seven year period. The Second Circuit adopted this approach in *Lok v. INS (Lok I),*[9] although it subsequently recognized that the intent to remain must be lawful.[10]

In *Brown v. INS*[11] we, like the D.C. Circuit in *Anwo v. INS,*[12] found it unnecessary to choose either side of this circuit split. The petitioner in *Brown* argued that his period of residence in the United States on a student visa should count towards the seven year domicile requirement. We rejected that argument, reasoning that an alien student, by the terms of his student visa, could not lawfully possess an intent to remain in the United States; but if the student did in fact form such an intent, then he was in violation of his visa and was not here lawfully.[13]

Building on the reasoning in *Brown,* we find that Madrid fails to meet even the more permissive *Lok* standard. The bare language of the statute requires a "lawful unrelinquished domicile of seven consecutive years." In simple terms, Madrid cannot meet the statutory "lawful domicile"

---

[7]645 F.2d 248 (4th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981).

[8]601 F.2d 459 (9th Cir.1979).

[9]548 F.2d 37 (2d Cir.1977).

[10]*Lok v. INS,* 681 F.2d 107, 109 n. 3 (2d Cir.1982) (*Lok III* ).

[11]856 F.2d at 728.

[12]607 F.2d 435 (D.C.Cir.1979).

[13]Although the Supreme Court has not spoken directly to this issue, its decision in *Elkins v. Moreno,* 435 U.S. 647, 98 S.Ct. 1338, 55 L.Ed.2d 614 (1978), does address the question indirectly. In *Elkins,* the Court considered whether students holding visas as children of "officers, or employees of ... international organizations" could establish domicile for "in-state" status. The Court concluded that, although the issue whether the student could become domiciles of the state was one of state law, the students had the capacity under federal law to change domicile, as the visas were not expressly dependent on their retaining a foreign domicile. This is consistent with *Brown,* which held that foreign students could not form a lawful intent to remain, as their visas required retention of a foreign domicile.

requirement given his admission that he entered the country illegally, with no immigrant visa. Certainly, if Madrid had no legal right to be in this country, he could not establish a lawful intent to remain. Moreover, it would be incongruous to hold that an alien *lawfully* residing in this country by virtue of a student visa cannot establish a lawful intent to remain, but an alien *unlawfully* in the United States could. Consequently, we extend today the reasoning of *Brown* and hold that an applicant for § 212(c) relief cannot meet the seven year lawful domicile requirement by counting time spent in this country illegally. The decision of the BIA is

AFFIRMED.