UNITED STATES COURT OF APPEALS
**Filed 8/8/96**            TENTH CIRCUIT

NEGASH MOHAMMED AHMED,

    Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE,

    Respondent.

No. 95-9546
(BIA No. A27-331-395)

ORDER AND JUDGMENT [*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

Petitioner Negash Mohammed Ahmed seeks review of a decision of the Board of

Immigration Appeals ("BIA") denying him asylum and ordering him deported because he

was convicted of two crimes involving moral turpitude. We exercise jurisdiction

pursuant to 8 U.S.C. § 1105a and deny the petition.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

I.

Petitioner, a native and citizen of Ethiopia, entered the United States as a refugee in June 1985, and was granted lawful permanent resident status on September 22, 1986. On May 29, 1987, a Minnesota state jury convicted Petitioner of the crime of criminal sexual conduct in the third degree for an incident in which Petitioner forced a woman in a telephone booth to perform oral sex. On August 1, 1994, Petitioner pled guilty in Minnesota state court to the crime of prostitution as a patron for an incident in which he had sexual intercourse with a fifteen-year old girl. On March 30, 1995, the INS issued Petitioner an order to show cause why he should not be deported as an alien convicted of two crimes involving moral turpitude pursuant to § 241(a)(2)(A)(ii) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1251(a)(2)(A)(ii).

At his immigration hearing, Petitioner admitted the allegations in the order to show cause, including the two state convictions. Petitioner applied for asylum and withholding of deportation under § 208(a) and § 243(h)(1) of the INA, 8 U.S.C. §§ 1158(a) and 1253(h)(1), and applied for relief from deportation under § 212(c) of the INA, 8 U.S.C. § 1182(c). The immigration judge denied Petitioner's application for asylum and withholding of deportation on the grounds that Petitioner's first conviction was a "particularly serious crime" that rendered him statutorily ineligible for asylum or withholding of deportation under 8 U.S.C. § 1253(h)(2)(B). The immigration judge also denied Petitioner's § 212(c) application for relief from deportation as a matter of

discretion, finding that Petitioner's criminal record demonstrated that he was a repeat sex offender and a danger to society.  The BIA affirmed the immigration judge in all respects.

## II.

On appeal, Petitioner urges us to reverse the decision of the BIA.  Petitioner contends that: (1) he is eligible for asylum and withholding of deportation due to a well-founded fear of persecution if he returns to Ethiopia, and (2) he should not be deported for committing two crimes of moral turpitude because he was not advised of the consequences of pleading guilty to his second conviction--prostitution as a patron.[1]  We review the BIA's factual findings for substantial evidence, discretionary determinations for an abuse of discretion, and legal conclusions de novo.  Hadjimehdigholi v. Immigration & Naturalization Service, 49 F.3d 642, 647 (10th Cir. 1995); Turri v. Immigration & Naturalization Service, 997 F.2d 1306, 1308-09 (10th Cir. 1993).

## A.

Petitioner first argues that he is eligible for asylum and withholding of deportation because he has a well-founded fear of persecution, imprisonment, or death if he returns to

---

[1]    Petitioner also contends that the immigration judge erroneously denied his § 212(c) application for relief from deportation.  The record demonstrates, however, that Petitioner did not appeal the immigration judge's denial of his § 212(c) application to the BIA.  Consequently, we do not have jurisdiction to address the issue.  E.g., Rivera-Zurita v. Immigration & Naturalization Service, 946 F.2d 118, 120 n.2 (10th Cir. 1991) ("The failure to raise an issue on appeal to the Board [of Immigration Appeals] constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter.").

Ethiopia.

The BIA affirmed the immigration judge's denial of Petitioner's application for asylum and withholding of deportation on the grounds that Petitioner's conviction for criminal sexual conduct in the third degree was a "particularly serious crime" that rendered him ineligible for asylum and withholding of deportation under § 243(h)(2)(B) of the INA. Both the immigration judge and the BIA concluded the conviction was a "particularly serious crime" because it involved sexual penetration through the use of force or coercion.[2]

Petitioner does not contest the determination that the conviction was a "particularly serious crime." Instead, he urges that his fear of persecution in Ethiopia renders him eligible for asylum. Under § 243(h)(2)(B) of the INA, 8 U.S.C. § 1253(h)(2)(B), however, an alien convicted of a "particularly serious crime" is barred from obtaining asylum and withholding of deportation regardless of whether the alien otherwise qualifies as a "refugee" under § 101(a)(42) of the INA, 8 U.S.C. § 1101(a)(42). See also Al-Salehi v. Immigration & Naturalization Service, 47 F.3d 390, 391-93 (10th Cir. 1995). Even

_____

[2] Petitioner was convicted of violating Minn. Stat. § 609.344.1(c) which provides:

> A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree if . . . the actor uses force or coercion to accomplish the penetration.

Minn. Stat. § 609.344.1(c).

were we to conclude (and we do not do so here) that Petitioner is otherwise qualified for asylum, Congress has directed that he is ineligible for asylum for his conviction "by a final judgment of a particularly serious crime." 8 U.S.C. § 1253(h)(1)(2)(B). Accordingly, we uphold the BIA's determination that Petitioner is ineligible for asylum because his conviction for criminal sexual conduct in the third degree constitutes "a particularly serious crime" that renders him statutorily ineligible for relief. See, e.g, Groza v. Immigration & Naturalization Service, 30 F.3d 814, 823 (7th Cir. 1994) (holding that a rape conviction that included the use of force as an element of the offense was a "particularly serious crime" under 8 U.S.C. § 1253(h)(2)(B)).

### B.

Petitioner next argues that he should not be deported as an alien convicted of two crimes of moral turpitude because his second conviction was entered on an inadequate guilty plea. Because he was allegedly not advised of the consequences of pleading guilty, Petitioner contends that his conviction for prostitution as a patron does not qualify as a predicate crime of moral turpitude under 8 U.S.C. § 1251(a)(2)(A)(ii).

We reject Petitioner's attempt to collaterally attack the validity of his state conviction for prostitution as a patron in this deportation proceeding. The law is settled that "an alien cannot collaterally attack the legitimacy of a state criminal conviction in a deportation proceeding." Trench v. Immigration & Naturalization Service, 783 F.2d 181, 184 (10th Cir.), cert. denied, 479 U.S. 961 (1986); see also Zinnanti v. Immigration &

Naturalization Service, 651 F.2d 420, 421 (5th Cir. 1981) (holding that an alien in a deportation proceeding may not collaterally attack the constitutional adequacy of his guilty plea to a state criminal offense). Because Petitioner may not collaterally attack his state conviction in this proceeding, his conviction for prostitution as a patron provides a valid basis for deportation under § 241(a)(2)(A)(ii) of the INA unless it is overturned on direct appeal or in a post-conviction proceeding. Trench, 783 F.2d at 184. The deportation order was therefore properly issued.

In sum, we DENY the petition for review.[3]

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[3]     We grant Petitioner's motion to proceed in forma pauperis on appeal.