United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-10192

MARY ANYANGO OMOLO,

Petitioner-Appellant,

versus

ALBERTO R. GONZALES; MICHAEL
CHERTOFF; ANGELA K. BARROW;
NURIA PRENDES; ROBERT DOUGLAS;
GLEN EDWARDS; TINA TUCKER,

Respondents-Appellees.

Petition for Review of an Order of the
Board of Immigration Appeals

Before SMITH and STEWART, Circuit Judges, and HANEN, District Judge.[*]

CARL E. STEWART, Circuit Judge:

Mary Anyango Omolo appeals the district court's denial of her 28 U.S.C. § 2241 petition challenging her detention on grounds that she is a United States national. Omolo was ordered removed as an alien convicted of an aggravated felony. She filed the underlying petition asserting that she is a United States national and is, therefore, not subject to removal. The district court denied the

---

[*]District Judge for the Southern District of Texas, sitting by designation.

petition concluding that it lacked jurisdiction to consider Omolo's nationality claim. For following reasons, we also deny the petition.

FACTUAL AND PROCEDURAL BACKGROUND

Omolo is a native and citizen of Kenya who was first admitted to the United States in August of 1981. She became a lawful permanent resident in 1994. In March 2001, Omolo pleaded guilty to mail fraud in the Northern District of Texas and was sentenced to twenty-four months in prison and ordered to pay restitution in the amount of $17,832.41. She appealed the conviction to this court; however, we dismissed the appeal for failure to prosecute.

In June 2003, the Department of Homeland Security commenced removal proceedings against Omolo, charging that she was subject to removal as an alien convicted of an aggravated felony. An immigration judge found Omolo removable as charged and, in a decision dated April 29, 2005, the Board of Immigration Appeals ("BIA") affirmed.

In September 2004, Omolo filed the underlying § 2241 petition in the Northern District of Texas, arguing that she had applied for naturalization in 1999, before her criminal conviction, but that the Immigration and Naturalization Service ("INS") failed to process her application properly and failed to notify her that the application was missing certain documents. She alleged that the INS violated her due process rights and that, but for the INS's negligence, she would have been naturalized.

In January 2005, Omolo filed an addendum to her § 2241 petition alleging that she was a United States national and therefore not subject to removal. Specifically, she asserted that, although her naturalization application was still pending, she qualified as a national because (1) she has resided in the United States for nearly fifteen years; (2) she took a formal oath of allegiance to the United

2

States when she filed her citizenship application; (3) both her husband and daughter are United States citizens; (4) she has registered for Selective Service; and (5) her aggravated felony conviction was for a crime of fraud rather than an offense involving narcotics or bodily harm. The district court denied Omolo's petition on January 24, 2005, concluding that it lacked jurisdiction to consider her claim of nationality. Omolo timely appealed.

DISCUSSION

A. Jurisdiction

The Immigration and Nationality Act provides that "[i]f the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). The Act further provides that "the petitioner may have such nationality claim decided only as provided in this paragraph." 8 U.S.C. § 1252(b)(5)(C); *Alwan v. Ashcroft*, 388 F. 3d 507, 510 (5th Cir. 2004). Accordingly, the district court correctly concluded that it lacked jurisdiction to consider Omolo's claim that she is a United States national.

On May 11, 2005, Congress passed the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, and amended the jurisdictional provisions of the Immigration and Nationality Act. The Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review. 8 U.S.C. § 1252(a)(5); *see also Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1055 (2006). The REAL ID Act instructed district courts to transfer to the appropriate courts of appeals all 28 U.S.C. § 2241 petitions challenging final orders of removal, deportation, or exclusion pending in the district courts on the date of enactment of the Act, May 11, 2005, Pub.L.

3

109-13, Div. B, Title I, § 106(c); however, it did not address how a court of appeals should treat an appeal from the district court's denial of a § 2241 petition pending on the enactment date. Nevertheless, we have held that "habeas petitions on appeal as of May 11, 2005, . . . are properly converted into petitions for review." *Rosales*, 426 F.3d at 736. Accordingly, because Omolo contends that she is a United States national, thereby effectively challenging her removal order, and her appeal was pending before this court on the effective date of the REAL ID Act, we will consider Omolo's habeas petition as a timely filed petition for review.

Construing Omolo's habeas petition as a petition for review raises an additional question as to our jurisdiction[1]–whether Omolo's failure to raise this issue before the BIA precludes our review. Section 1252(d)(1) provides in relevant part: "A court may review a final order of removal only if– (1) the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We have previously recognized that "an alien's failure to exhaust his administrative remedies serves as a jurisdictional bar to our consideration of the issue." *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). Nevertheless, we always have jurisdiction to determine our jurisdiction. *Salazar-Regino v. Trominski*, 415 F.3d 436, 443 (5th Cir. 2005), *petition for cert. filed*, 74 U.S.L.W. 3395 (U.S. Dec. 22, 2005) (No. 05-830). Only an "alien" may be required to exhaust his administrative remedies; accordingly, we must determine whether Omolo is an alien in order to

---

[1]We note that Omolo has already had one petition for review adjudicated in this court in which she failed to raise a nationality claim. On May 18, 2005, Omolo filed a pro se petition for review in this court. The Government moved to dismiss for lack of jurisdiction. On December 1, 2005, we granted the Government's motion and dismissed the petition for review. *See Omolo v. Gonzales*, No. 05-60429 (5th Cir. Dec. 1, 2005) (unpublished). Nevertheless, because Omolo filed the underlying § 2241 petition before she filed the petition for review and she informed the court that she had a nationality claim pending in the instant case, we conclude she did not forfeit the claim by failing to raise it in her petition for review.

4

determine whether § 1252(d)(1) bars our jurisdiction. *See Moussa v. INS*, 302 F.3d 823, 825 (8th Cir. 2002); *see also Theagene v. Gonzales*, 411 F.3d 1107, 1110 (9th Cir. 2005).

B.     Omolo's Nationality Claim

Only aliens are removable under the Immigration and Nationality Act. *Alwan*, 388 F.3d at 512 (citing 8 U.S.C. § 1227). An "alien" is any person who is not a citizen or national of the United States. 8 U.S. C. § 1101(a)(3). "The term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(22). As we have previously recognized, "[t]he INA is silent as to what constitutes a "a person who . . . owes permanent allegiance to the United States." *Alwan*, 388 F.3d at 513.

Omolo contends that she had objectively demonstrated her allegiance to the United States prior to her conviction for mail fraud. Though we have considered the issue, we have not decided whether a person may become a national through objective demonstrations of allegiance to the United States. In *Alwan*, the petitioner argued that a person could demonstrate permanent allegiance to the United States, and thereby qualify as a national, by applying for citizenship and objectively demonstrating allegiance. Like Omolo, Alwan contended that he had demonstrated his allegiance by "(1) applying for derivative citizenship on his parents' applications for naturalization; (2) registering with the Selective Service; and (3) taking an oath of allegiance during a 1995 interview with an INS officer." *Id.* The Government argued that "national" is narrowly defined to refer only to United States citizens and inhabitants of certain United States territories. *Id.* at 513. We declined to determine which definition of "national" applied because the petitioner did not qualify under either standard. *Id.*

5

Nevertheless, several of our sister circuits have considered this question and the majority have held that a person may become a national only by birth or by completing the naturalization process. *See Abou-Haider v. Gonzales*, 437 F.3d 206, 207 (1st Cir. 2006); *Marquez-Almanzar v. INS*, 418 F.3d 210, 218-19 (2d Cir. 2005); *Sebastian-Soler v. U.S. Attorney General*, 409 F.3d 1280, 1285-87 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1662 (2006); *Salim v. Ashcroft*, 350 F.3d 307, 309-10 (3d Cir. 2003); *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 972 (9th Cir. 2003); *see also United States v. Jimenez-Alcala*, 353 F.3d 858, 861 (10th Cir. 2003). *But see United States v. Morin*, 80 F.3d 124, 126 (4th Cir. 1996) (concluding in the context of a criminal appeal that an intended murder victim was a United States citizen because he had applied for citizenship). In *Perdomo-Padilla*, 333 F.3d at 967-72, the Ninth Circuit thoroughly analyzed both the historical meaning of the word "national" and the text of § 1101(a)(22). Citing to decisions of the Supreme Court and the Courts of Appeals, the court explained that "[t]raditionally, only persons born in territories of the United States were non-citizen nationals." *Id.* at 967. With regard to the text of the statute, the court reasoned that the petitioner's interpretation would lead to absurd results because "rejected naturalization applicants who do not renounce their statements of allegiance could remain nationals of the United States." *Id.* at 968-69. The court examined the context of the statute and observed that

> the statutory provision immediately following the definition of "national of the United States" provides that "naturalization" is the path by which a person attains nationality after birth. Section 1101(a)(23) makes no provision for the attainment of nationality short of full naturalization and, therefore, is consistent with our conclusion that one may become a "national of the United States" only through birth or by completing the process of becoming a naturalized citizen.

*Id.* at 969. Finally, the court noted that the petitioner's interpretation was inconsistent with other statutory provisions governing nationality. The court observed that

6

8 U.S.C. § 1408, lists four categories of persons who are classified as nationals, but not citizens, of the United States. All the categories enumerated in § 1408 relate in some way to birth in an outlying possession of the United States, or birth to parents who are nationals of the United States. Under traditional principles of statutory interpretation, the fact that Congress has defined "national" as including only those categories of persons is significant.

*Id.* at 969 -70 (footnote and citation omitted). The court also cited 8 U.S.C. § 1481 as an example; "[t]hat provision sets forth a number of ways in which a 'person who is a national of the United States *whether by birth or naturalization*, shall lose his nationality.'" *Id.* at 970 (emphasis in original) (quoting 8 U.S.C. § 1481(a)). In light of this analysis, the Ninth Circuit held that "a person can become a 'national of the United States' under the INA only through birth or naturalization." *Id.* at 972. We are persuaded by the Ninth Circuit's reasoning. Accordingly, we join the majority of our sister circuits in holding that a person may become a national only by birth or by completing the naturalization process. Therefore, because Omolo was not born in the United States nor has she completed the naturalization process, she is not a national of the United States.

CONCLUSION

For the foregoing reasons, the petition for review is DENIED. Omolo's motion to appoint counsel is DENIED.

7