United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60452
Summary Calendar

INCREASE EBONG ISANG,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 575 467
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Increase Ebong Isang, a native and citizen of Nigeria, entered the United States in 1984 on a non-immigrant student visa. Isang became a legal permanent resident of the United States in May 1991. Isang was deported pursuant to an order issued by an immigration judge (IJ) in 1995. The deportation order was based on Isang's 1993 convictions for possession of stolen mail and for credit card abuse.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The deportation order was reinstated in 2001 after Isang illegally re-entered the United States. In 2003, the Board of Immigration Appeals (BIA) affirmed the denial of Isang's motion to reopen the proceedings that led to the 1995 deportation order.

On April 8, 2005, Isang filed a 28 U.S.C. § 2241 petition seeking judicial review of his deportation orders. The petition was transferred to this court pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (May 11, 2005), to be treated as a timely petition for review. See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006).

Isang contends that he is not subject to deportation because he is a national of the United States. "[A] person may become a national only by birth or by completing the naturalization process." Omolo v. Gonzales, 452 F.3d 404, 409 (5th Cir. 2006). Isang was not born in the United States, and he does not claim that he has completed the naturalization process. Isang has not shown that he is a national of the United States and therefore not deportable. See Omolo, 452 F.3d at 409.

Isang contends that his counsel in the immigration proceedings that resulted in the 1995 deportation order was ineffective because he failed to move for discretionary relief under § 212(c) of the Immigration and Nationality Act and because he did not advise Isang to seek judicial review. Isang argues that his due process rights were violated because the IJ did not

inform him of his eligibility for a discretionary waiver under § 212(c) and because the IJ did not inform him of his right to appeal. He also contends that his due process rights were violated because the deportation hearing was not transcribed.

Because Isang could not lawfully possess an intent to be domiciled in this country while he was here on a student visa, he did not satisfy the requirement of "lawful unrelinquished domicile of seven consecutive years" under § 212(c). See Brown v. INS, 856 F.2d 728, 730-31 (5th Cir. 1988). Isang has not shown that the alleged failures of his counsel or the IJ resulted in prejudice, nor has he shown that the lack of a transcript prejudiced him. Accordingly, he has not shown an entitlement to relief on his ineffective assistance or due process claims. See Goonsuwan v. Ashcroft, 252 F.3d 383, 385 n.2 (5th Cir. 2001); Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Isang also seeks to challenge his 1993 convictions for possession of stolen mail and for credit card abuse, as well as his 2002 conviction for illegal re-entry. A final conviction "provides a valid basis for deportation unless it is overturned in a judicial post-conviction proceeding." Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir. 1981). Isang has made no showing that any of his convictions have been overturned, and he may not collaterally attack the validity of his convictions in immigration proceedings. See Brown, 856 F.2d at 731.

Isang's petition for review is DENIED.