# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-60292
Summary Calendar

HENRY ASIEDU ASARE

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42 949 696

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Henry Asiedu Asare petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance of the Immigration Judge's (IJ) order of removal and denial of his motion to reopen removal proceedings. This court generally lacks jurisdiction to review a final order of removal of an alien, such as Asare, who has been convicted of an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). However, the court retains jurisdiction over constitutional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims or questions of law which were raised and exhausted before the BIA. §1252(a)(2)(D), (d)(1); Falek v. Gonzales, 475 F.3d 285, 289 (5th Cir. 2007).

Asare's challenge to his underlying state court conviction is unavailing. A final conviction "provides a valid basis for deportation unless it is overturned in a judicial post-conviction proceeding." Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir. 1981). Asare has made no showing that his conviction has been overturned, and he may not collaterally attack the validity of his conviction in immigration proceedings. Brown v. INS, 856 F.2d 728, 730-31 (5th Cir. 1988); see Taylor v. United States, 396 F.3d 1322, 1329 (11th Cir. 2005).

Asare asserts that he was entitled to due process and that aliens who are precluded from offering evidence in support of claims for relief or to rebut charges of criminal conduct are denied due process. Because Asare did not raise this claim before the BIA, we lack jurisdiction to review it. See § 1252(d)(1); Falek, 475 F.3d at 289. Moreover, Asare makes no argument, and makes no citation to the record showing, that he was precluded from offering any evidence.

There is no factual basis for Asare's claims that the BIA denied a motion to reopen alleging ineffective assistance of counsel, that the BIA erred in its summary denial of his motion to reopen, "where the Petitioner merely claimed a right to be heard before that tribunal, regarding an Immigration Judge's earlier decision that granted his claim for relief from deportation," or that he was not informed of his obligation to respond to the Government's brief to the BIA, which sought to overturn the IJ's decision

In support of his conclusional claim that his rights were not protected during the immigration proceeding, Asare cites cases which address possible due process violations resulting from the denial of counsel or following the withdrawal of counsel. Neither situation exists in the instant case.

Asare's petition for review is DENIED. Respondent's motion for summary dismissal or, alternatively, extension of time to file a brief is DENIED as moot.