IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-60275
Summary Calendar

ENYEW MANAYE HAILU,

Petitioner,

v.

MICHAEL B. MUKASEY, US ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A46 260 091

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Enyew Manaye Hailu petitions for review of a final order of removal of the Board of Immigration Appeals (BIA) that affirmed the determination that he was removable as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and the denial of his applications for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the respondent does not argue it, whether an appeal is moot is a jurisdictional issue because it implicates the Constitution's Article III requirement of a live case or controversy. We must raise the question of mootness sua sponte, and we review the question de novo. United States v. Lares-Meraz, 452 F.3d 352, 355 (5th Cir. 2006). Hailu's conviction for an aggravated felony has the collateral consequence of making him permanently inadmissible to the United States. See 8 U.S.C. § 1182(a)(9)(A)(i) - (ii) (barring re-entry of aliens removed for conviction of an aggravated felony). This collateral consequence prevents this case from being moot. See Alwan v. Ashcroft, 388 F.3d 507, 510-11 (5th Cir. 2004) (holding that due to the collateral consequence of permanent inadmissibility, deportation did not render the case moot).

Congress has expressly barred judicial review of final orders of removal against an alien who is removable as an aggravated felon. 8 U.S.C. § 1252(a)(2)(C). After the enactment of the REAL ID Act of 2005, we now have jurisdiction, in cases otherwise covered by § 1252(a)(2)(C), to review questions of law or constitutional claims raised upon a petition for review. 8 U.S.C. § 1252(a)(2)(D).

Hailu challenges his conviction for indecency with a child. He does not argue that it is not an aggravated felony. He argues that he was denied his constitutional rights because his attorney misled him and forced him to plead guilty by telling him that if he did not plead guilty, the INS would take away his green card. Hailu's challenge to his state court conviction is not appropriate in this petition for review. A final conviction "provides a valid basis for deportation unless it is overturned in a judicial post-conviction proceeding." Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir. 1981). Hailu has not alleged that his conviction has been overturned, and he may not collaterally attack the validity of his conviction in this immigration proceeding. See Brown v. INS, 856 F.2d 728, 731 (5th Cir. 1988).

The other arguments in Hailu's brief challenge the findings of fact made by the Immigration Judge (IJ) in denying his claims for withholding of removal. He states that he is seeking review because he disagrees with the decisions of the IJ and the BIA, and he contends that he has presented strong evidence and has met his burden of proof. He states that he has "Constitutional Claims," but he does not state what they are. Hailu's arguments do not raise questions of law or constitutional claims. We hold that we lack jurisdiction to review the BIA's final order of removal. See Alwan, 388 F.3d at 515. Because we lack jurisdiction to review the final order of removal, the petition for review is DISMISSED.