# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 28, 2010

Lyle W. Cayce
Clerk

No. 09-60337
Summary Calendar

RAMIRO MIRELES-ONTIVEROS, also known as Ramiro Mireles,

Petitioner,

versus

ERIC HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A078  134  604

Before  DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ramiro Mireles-Ontiveros, a native and citizen of Mexico, petitions for re-
view of a decision by the Board of Immigration Appeals ("BIA") dismissing his
appeal of an order of the immigration judge ("IJ")denying his requests for adjust-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ment of status, cancellation of removal, and voluntary departure. The IJ determined, *inter alia*, that Mireles-Ontiveros was ineligible for cancellation of removal because his conviction for failure to stop and render aid was a crime involving moral turpitude. The IJ also decided that Mireles-Ontiveros was not eligible for voluntary departure, because he had been convicted of a crime involving moral turpitude and thus had failed to establish good moral character during the previous five years. The BIA affirmed the IJ's decision.

Mireles-Ontiveros argues that the Texas state court had deferred adjudication of the prior offense, so the conviction had not become final, nor did it qualify as a "conviction" for immigration purposes. Because, however, Mireles-Ontiveros pleaded guilty to failure to stop and render aid and was required, as part of his probation, *inter alia* to perform 200 hours of community service and attend anger management classes, the deferred adjudication constituted a conviction for immigration purposes. *See Moosa v. I.N.S.*, 171 F.3d 994, 1005-06 (5th Cir. 1999). Furthermore, there is no requirement of finality in the statutory definition of "conviction," 8 U.S.C. § 1101(a)(48)(A). *See id.* at 1009.

Mireles-Ontiveros contends that his removal based on commission of a crime violated the Double Jeopardy Clause, because the removal constituted a second punishment for the same offense. To the contrary, "deportation proceedings are not criminal prosecutions." *See Brown v. I.N.S.*, 856 F.2d 728, 731 (5th Cir. 1988).

Mireles-Ontiveros also briefly asserts that § 440(d) of the Antiterrorism and Effective Death Penalty Act and § 348(a) of the Illegal Immigration Reform and Immigrant Responsibility Act violate his equal protection and due process rights. He has failed to brief those issues and thus has abandoned them. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

The petition for review is DENIED.