# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2011

No. 10-60696
Summary Calendar

Lyle W. Cayce
Clerk

NEVON MILTON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 470 786

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.
PER CURIAM:[*]

Petitioner, Nevon Milton, a native and citizen of Jamaica, seeks review of
the Board of Immigration Appeals (BIA) order of June 30, 2010, in which the
BIA dismissed his appeal of an order of removal due, in part, to his 2009 Florida
conviction of possession of ecstasy with intent to sell. Milton, appearing pro se,
challenges the BIA's dismissal of his appeal by arguing that the Florida
conviction upon which the removal order is based is invalid, as he received
constitutionally ineffective assistance of counsel when counsel advised him to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plead guilty in the criminal proceeding without informing him of the immigration consequences of the conviction. He relies upon *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010), to support this assertion. He further contends that he is seeking postconviction relief from his criminal conviction on this basis and that the unconstitutional conviction should not form the basis for his order of removal. Milton also argues that his attorney provided ineffective representation in immigration proceedings.

Milton has filed two petitions challenging the June 30, 2010, order, one in the Ninth Circuit Court of Appeals and another in the Second Circuit Court of Appeals. Both courts transferred the petitions to this court, as Milton's immigration proceeding took place in Oakdale, Louisiana, and venue is therefore proper in this court. *See* 8 U.S.C. § 1252(b)(2); 28 U.S.C. § 1631. As Milton's petition was timely filed in the Ninth Circuit, the petition is considered to have been timely filed with this court. *See* § 1631. The petition that Milton filed in the Second Circuit is substantially similar to the petition that Milton filed with the Ninth Circuit, except the petition was not timely filed. A timely petition for review is a jurisdictional requirement, and the lack thereof deprives this court of jurisdiction. § 1252(a)(1), (b)(1); *Karimian-Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993).

Although Milton contends that he received constitutionally ineffective assistance in connection with his prior conviction, he does not challenge the BIA's determination that his 2009 Florida conviction of possession of ecstasy with intent to sell qualifies as a drug trafficking, aggravated felony for federal immigration purposes. *See* 8 U.S.C. § 1101(a)(43)(B), § 1101(a)(48)(A); 8 U.S.C. § 1227(a)(1)(B), (a)(2)(A)(iii), (a)(2)(B)(i). Milton has therefore failed to preserve this issue. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993).

This court generally has the authority to review the order of the BIA and will consider the underlying decision of the IJ only insofar as it influenced the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). The BIA's

factual findings are reviewed for substantial evidence and its rulings of law are reviewed de novo, with deference to the BIA's interpretation of immigration statutes. *Mireles-Valdez v. Ashcroft,* 349 F.3d 213, 215 (5th Cir. 2003). Because Milton's Florida conviction for possession of ecstasy with intent to sell is both a controlled substance offense and an aggravated felony that rendered him removable, this court's jurisdiction is limited to colorable constitutional issues and questions of law. *See* § 1252(a)(2)(C),(D) (providing that courts lack jurisdiction over final orders of removal against criminal aliens, except courts retain jurisdiction over constitutional claims or questions of law).

Milton's argument is essentially a collateral attack on a prior conviction, which is not permitted in an appeal of a deportation order. *See Brown v. INS,* 856 F.2d 728, 731 (5th Cir. 1988); *see also Zinnanti v. INS,* 651 F.2d 420, 421 (5th Cir. 1981). Also, the BIA correctly determined that a pending collateral attack on a conviction does not disturb the finality of the conviction for immigration purposes. *See Cabral v. Holder,* 632 F.3d 886, 890 (5th Cir. 2011). Further, *Padilla* did not involve an appeal of an adverse immigration decision, and thus does not indicate that Milton may pursue a *Padilla*-based claim of ineffective assistance of counsel in immigration proceedings in an effort to collaterally challenge his prior conviction. *See Padilla,* 130 S. Ct. at 1475-87. *Padilla* also does not suggest that immigration proceedings must be stayed while a *Padilla*-type claim is being pursued in postconviction proceedings. *See id.* Finally, to the extent that Milton is contending that he received ineffective assistance of counsel in immigration proceedings, Milton has failed to establish that he complied with the procedural requirements for pursuing such a claim. *See Mai v. Gonzales,* 473 F.3d 162, 165 (5th Cir. 2006); *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988); *Matter of Compean,* 25 I&N Dec. 1, at *3 (BIA 2009).

For the foregoing reasons, Milton's petitions for review are DENIED.