**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1403**

JASON THURL WINSTON,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted:  July 8, 2011          Decided:  July 18, 2011

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jason Thurl Winston, Petitioner Pro Se.  Rosanne Perry, Trial Attorney, Tyrone Sojourner, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Thurl Winston, a native and citizen of Dominica, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable for committing a crime of domestic violence and for violating an order of protection. See 8 U.S.C. § 1227(a)(2)(E)(i), (ii) (2006). We deny the petition for review.

Winston entered the United States on a K-3 nonimmigrant visa on March 14, 2010. On May 10, 2010, he pled guilty to assault and battery under Va. Code Ann. § 18.2-57.2, following an altercation with his wife in which he grabbed her, attempted to choke her, and punched a wall. On the same day, he pled guilty to violation of a protective order under Va. Code Ann. § 16.1-253.2 for sending his wife a letter from prison in which he told her that he loved her and asked her to drop the protective order and post bond for him. In removal proceedings, the immigration judge and the Board found that the Government properly met its burden of establishing by clear and convincing evidence that Winston was removable as charged. See 8 U.S.C. § 1229a(c)(3)(A) (2006). Winston did not seek relief from removability.

We have reviewed the record and find that Winston's conviction for assault and battery against a family member was a

2

crime of domestic violence. Under 8 U.S.C. § 1227(a)(2)(E)(i), an alien who commits a crime of domestic violence is deportable. A "crime of domestic violence" is any crime of violence, as defined by 18 U.S.C. § 16, committed against a specified group of persons, including a current spouse. A "crime of violence" is defined in § 16(a) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Winston's conviction for assault and battery against his wife under Va. Code Ann. § 18.2-57.2 is not categorically a "crime of violence" because Virginia's common law conception of battery includes any offensive touching, not only the use of physical force. United States v. White, 606 F.3d 144, 153-55 (4th Cir. 2010). However, where the elements of a crime are ambiguous, this Court uses a "modified categorical approach" and examines the charging documents to determine whether the crime was violent. United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998). In this case, the immigration judge examined the charging documents and found that Winston pled guilty to grabbing his wife during an argument, attempting to choke her, and punching a wall. This meets the definition of a "crime of violence," and thus Winston's guilty plea renders him deportable.

The Board of Immigration Appeals further found Winston deportable on an alternative ground, namely for violating "the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued[.]" See 8 U.S.C. § 1227(a)(2)(E)(ii). Winston argues that his sending his wife a letter from jail in which he told her that he loved her and asked her to drop the protective order and post bond for him did not constitute either a threat of violence, repeated harassment or bodily injury. The Government responds that even if Winston's actions did not rise to that level, the no-contact portion of the protective order "involves protection against" violence and harassment, and § 1227(a)(2)(E)(ii) does not require that the violation actually constitute violence or harassment. See Alanis-Alvarado v. Holder, 558 F.3d 833, 839-40 (9th Cir. 2009). This Circuit has not decided this issue, and does not do so here, because Winston's conviction for assault and battery against his wife is sufficient to find him deportable under 8 U.S.C. § 1227(a)(2)(E)(i).

Appellant also argues in his brief that his court-appointed attorney did not advise him of possible immigration consequences to his pleading guilty to the charges of assault and battery and violation of the protective order. The Sixth

4

Amendment right to effective assistance of counsel includes the right to be informed of potential immigration consequences to a guilty plea. Padilla v. Kentucky, 130 S.Ct. 1473, 1486 (2010). However, if Appellant wishes to make a case based on ineffective assistance of counsel, he must file for post-conviction relief in his state criminal case. Ugwu v. Gonzalez, 242 Fed. App'x. 917, 918 (4th Cir. 2007) (citing Abiodun v. Gonzales, 461 F.3d 1210, 1217 (10th Cir. 2006); Olivera-Garcia v. INS, 328 F.3d 1083, 1087 (9th Cir. 2003); Trench v. INS, 783 F.2d 181, 184 (10th Cir. 1986); Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir. 1981)). "[T]he immigration judge and the Board cannot go behind the criminal judgment and consider an alien's collateral attack on his conviction"—and neither can we. Id.

Accordingly, we deny the petition for review. We deny Winston's motion to strike the Attorney General's brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5