# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-60837

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2023

Lyle W. Cayce
Clerk

Ricardo Enriquez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A096 517 803

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Ricardo Enriquez, a native and citizen of Mexico, petitions this court for review of a decision by the Board of Immigration Appeals dismissing his appeal. We DISMISS the petition for review.

Enriquez was convicted of indecency with a child by contact under section 21.11(a)(1) of the Texas Penal Code. In light of that conviction, the Department of Homeland Security served Enriquez with a Notice to Appear,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of sexual abuse of a minor, which is an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A). Afterwards, the Department of Homeland Security lodged an additional charge of removability against Enriquez as a noncitizen "convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment." 8 U.S.C. § 1227(a)(2)(E)(i).

In response, Enriquez filed an application for cancellation of removal. At his removal hearing, Enriquez admitted the factual allegations contained in the Notice to Appear and stated that he is not afraid to return to Mexico. Consequently, the Immigration Judge determined that Enriquez is not eligible for cancellation of removal and ordered that Enriquez be removed to Mexico. Enriquez appealed to the BIA and the BIA affirmed the Immigration Judge's decision.

## I.

Here, Enriquez challenges the BIA's determination by contesting the underlying criminal conviction. But a final conviction "provides a valid basis for deportation unless it is overturned in a judicial post-conviction proceeding." *Zinnanti v. INS,* 651 F.2d 420, 421 (5th Cir. 1981). Enriquez has not alleged that his conviction has been overturned, and he may not collaterally attack the validity of his conviction through an immigration proceeding. *See Brown v. INS,* 856 F.2d 728, 731 (5th Cir. 1988).

Furthermore, Enriquez forfeits any challenge to the BIA's determination that his conviction constitutes a "crime of . . . child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i) because he fails to brief the issue. *See Jaco v. Garland*, 24 F.4th 395, 401 n.1 (5th Cir. 2021) ("Although [the Court] liberally construe[s] *pro se* petitions, *pro se* litigants must still comply with the

No. 21-60837

civil rules of appellate procedure."); *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (holding that issues not briefed are forfeited on appeal).

## II.

Having argued that none of Enriquez's arguments is meritorious, the government nonetheless contends that this case should be remanded to the BIA because the BIA failed to address some of the factual and legal issues regarding Enriquez's eligibility for cancellation of removal. To the extent that the government raises new errors arising solely out of the BIA's decision, those arguments are unexhausted because they were not raised in a motion for reconsideration. *See Osman v. Garland*, No. 21-60893, 2022 WL 17352570 (5th Cir. Dec. 1, 2022); *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). Likewise, to the extent the government asserts that the IJ erred, those arguments are unexhausted because they were not raised in an appeal to the BIA. *See id.* Accordingly, we lack jurisdiction to review the claims raised by the government.

\* \* \*

Accordingly, we DISMISS the petition for review.