**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 12, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04 50728

_____

JOSE FRANCISCO LOPEZ,

                              Petitioner-Appellant,

               v.

TROY HENLEY, District Director, Bureau of Immigration and Customs
Enforcement; MICHAEL GARCIA, Assistant Secretary, Bureau of
Immigration and Customs Enforcement; MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY; ALBERTO R. GONZALES, U.S.
ATTORNEY GENERAL; RUDY FRANCO, Warden, Reeves County Detention
Center,

                              Respondents - Appellees.

_____

Appeal from the United States District Court
For the Western District of Texas

_____

Before KING, Chief Judge, DAVIS, Circuit Judge, and FITZWATER[*],
District Judge.

W. EUGENE DAVIS, Circuit Judge:

     This case presents the issue of whether a legal resident
alien, who is a veteran of active service in the Vietnam War, is
exempt from the requirement of demonstrating "good moral
character" in order to be naturalized.  Because we find the
Immigration and Naturalization Act (INA) ambiguous on this issue

_____

     [*]District Judge of the Northern District of Texas, sitting
by designation.

-1-

and find reasonable the Immigration and Naturalization Service's (INS'[2]) implementing regulation answering this question in the affirmative, we affirm the district court's order. We therefore conclude that Appellant Jose Francisco Lopez (Lopez) was properly deported because his criminal conviction for drug possession rendered him unable to demonstrate the requisite good moral character.

## I.

Lopez is a Mexican citizen who has been a lawful permanent resident of the United States since 1960. He joined the United States Army and from 1967 – 1969 served on active duty in Vietnam, during the Tet offensive, and received an honorable discharge. In 1995, Appellant Lopez pled guilty in federal court to attempting to possess a controlled substance and was sentenced to a 108-month term of imprisonment.

In 2002, while Lopez was still serving his federal sentence the INS served him with a Notice to Appear in Removal Proceedings.

After a hearing, the presiding Immigration Judge (IJ) determined that Lopez was removable from the U.S. for the reasons asserted by the INS. Lopez moved, unsuccessfully, for termination of the removal proceedings or, alternatively, for the proceedings

---

[2]The INS no longer exists as an independent agency, certain of its functions having been transferred as of March 1, 2003 to the Department of Homeland Security (DHS). To reduce confusion, the Court will continue to refer to "the INS".

to be held in abeyance pending an adjudication of an application for naturalization under Section 329 of the INA. 8 U.S.C. § 1440. The IJ noted Appellant's active duty service in the Army and that Section 329 of the INA makes citizenship by naturalization available to aliens who served honorably in the U.S. armed forces during wartime. However, she concluded that Appellant would not be eligible to file a naturalization application under this provision because he could not show "good moral character" as required by the implementing regulation, 8 C.F.R. § 329(d). Although the IJ denied Lopez's request for relief from the removal order, she certified the case to the Board of Immigration Appeals (BIA) for review. The BIA affirmed the IJ's decision without a written opinion.

Lopez then filed a petition for a writ of habeas corpus, alleging that the IJ and BIA erred as a matter of law when they concluded that Appellant did not qualify for naturalization under INA § 329 because his federal conviction precludes a showing of good moral character. Lopez asked the district court to grant his writ application, declare that Section 329 of the INA does not require an applicant who is otherwise qualified under that section to make a showing of good moral character, and to enjoin his deportation.

The district court, after finding that it had jurisdiction over Lopez's habeas claim, ruled against Lopez on the merits. The

district court dissolved the Order Staying Removal and denied all affirmative relief requested by Appellant. Lopez was later deported to Mexico.

## II.

Appellant Lopez argues that Congress intended, with the passage of § 329, to reward alien veterans of the U.S. armed services with liberal eligibility requirements and procedures for naturalization. Lopez's main argument is that the good moral character requirement is intrinsic to the residency requirements for naturalization and, since § 329 exempts active service veterans from the residency requirement, it must also exempt them from the need to show good moral character.

While Lopez is correct that Congress did, through § 329, loosen the naturalization requirements for veteran aliens, we agree with the Second Circuit that the statute is unclear as to the good moral character requirement. We also agree with the Second Circuit that the INS' reasonable interpretation of § 329 as incorporating a good moral-character requirement must be upheld. Nolan v. Holmes, 334 F.3d 189, 194 (2nd Cir. 2003).

Section 329 of the INA establishes conditions of "naturalization through active-duty service in the Armed Forces during World War I, World War II, Korean hostilities, Vietnam hostilities, or other periods of military hostilities". 8 U.S.C. § 1440. Under this section, veterans of active-duty service are

exempted from the residency requirements required of other applicants. § 329 is silent on the issue of the good moral character requirement, but says that "[a] person filing an application under subsection (a) of this section shall comply in all other respects with the requirement of this subchapter". 8 U.S.C. § 1440(b). The subchapter includes INA § 316(a), which lays out the residency requirements for naturalization and reads as follows:

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) **during all the periods referred to in this subsection has been and still is a person of good moral character**, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

8 U.S.C. § 1427(a)(emphasis added). The issue then is whether § 329(b)'s incorporation by reference of other sections includes § 316(a)'s "good moral character" requirement or whether § 329(b)(2)'s exemption from the residency requirement also exempts the veteran applicant from the obligation to demonstrate good moral character. Because § 329 fails to address the issue, and

the INA does not otherwise address whether veterans of active service must fulfill the good moral character requirement, we conclude that the statute is ambiguous on the issue. See Nolan v. Holmes.

When reviewing a challenge to an administrative agency's interpretation of a statute, where the governing statute is ambiguous and fails to speak clearly to the issue before the Court, this Court must uphold the agency interpretation as long as it is reasonable. Wilson v. INS, 43 F.3d 211, 213 (5th Cir. 1995), citing Animashaun v. INS, 990 F.2d 234, 237 (5th Cir. 1993); Chevron, U.S.A., Inc. v. National Resources Defense Counsel, Inc., 467 U.S. 837 (1984). The INS, as the administrative agency charged with interpreting the INA, promulgated regulations interpreting the requirements of § 329. Under those regulations, a veteran of active military service seeking naturalization must

> compl[y] with all...requirements for naturalization as
> provided in part 316 of this chapter, except that:
> (1) The applicant may be of any age;
> (2) The applicant is not required to satisfy the residence
> requirements under § 316.2(a)(3) through (a)(6) of this
> chapter; and
> (3) The applicant may be naturalized even if an outstanding
> notice to appear pursuant to 8 C.F.R. part 239 (including a
> charging document issued to commence proceedings under
> sections 236 or 242 of the Act prior to April 1, 1997)
> exists.

8 C.F.R. § 329.2(e). Therefore, under the INS's interpretation of § 329, a veteran of active military service must demonstrate his

good moral character as a prerequisite for naturalization. In finding this interpretation to be reasonable, we agree with the Second Circuit's reasoning in Nolan. In that decision, the Court reasoned as follows:

> The potentially conflicting policy concerns here are the specific desire to provide aliens who have served in the United States Armed Forces with benefits in the form of relaxed requirements for naturalization, and the general goal of attempting to ensure that persons admitted to United States citizenship through naturalization be of good moral character. Proof of good moral character clearly is a requirement for most applicants; and it is explicitly required for persons who served in the Armed Forces at various times in non-active-duty status. Notwithstanding Congress's desire to reward aliens who have served the United States in its Armed Forces, it hardly seems unreasonable for the INS to have inferred that Congress would not have intended to single out persons trained and/or experienced in physical confrontations for elimination of the requirement of good moral character.

Nolan, 334 F.3d at 198.

### III.

For the reasons stated above, we affirm the order of the district court and conclude that a veteran alien, seeking naturalization under § 329, must demonstrate his good moral character.

AFFIRMED.