# United States Court of Appeals

## For the First Circuit

No. 05-1453

JOSEPH NASSIB ABOU-HAIDAR,

Petitioner,

v.

ALBERTO R. GONZALES, United States Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,

Coffin, Senior Circuit Judge

and Howard, Circuit Judge.

Richard M. Green for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, and Anthony P. Nicastro, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, on brief for respondent.

February 21, 2006

**HOWARD**, **Circuit Judge**.  This petition for review raises the issue of whether action short of completing the naturalization process may render an alien a "national" of the United States.

Petitioner Joseph Nassib Abou-Haidar is a citizen of Lebanon who entered the United States as a legal permanent resident in 1983.  In 2001, Abou-Haidar was convicted of armed robbery.  The Immigration and Naturalization Service ("INS")[1] placed him in removal proceedings, seeking to deport him as an aggravated felon. Abou-Haidar moved to terminate the proceedings on the ground that he was not an "alien"[2] because he had acquired derivative citizenship and/or qualified as a "national"[3] of the United States. The immigration judge denied the motion, ordered Abou-Haidar removed, and subsequently denied a motion to reconsider.  The Board of Immigration Appeals ("BIA") affirmed.

Abou-Haidar argues that the BIA erred in concluding that he was not a "national" of the United States.  We review this legal question de novo.  See generally  Fierro v. Reno, 217 F.3d 1, 3

---

[1]The relevant functions of the INS were transferred to the Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement in March 2003.

[2]See 8 U.S.C. § 1101(a)(3) ("alien means any person who is not a citizen or national of the United States").

[3]"The term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."  8 U.S.C. § 1101(a)(22).

(1st Cir. 2000). Abou-Haidar bases his claim on the following facts: (1) he has resided in the United States as a legal permanent resident since 1983; (2) he registered with the U.S. Selective Service System in 1984; (3) he filed an application for naturalization in 1997; and (4) at his 1998 naturalization interview, he swore allegiance to the United States and signed an oath declaration form. Although his naturalization application was denied in 1999, Abou-Haidar asserts that his circumstances establish him as a person who "owes permanent allegiance to the United States."

The overwhelming majority of circuit courts to consider the question have concluded that one can become a "national" of the United States only by birth or by naturalization under the process set by Congress. See, e.g., Marquez-Almanzar v. INS, 418 F.3d 210, 216-19 (2d Cir. 2005); Sebastian-Soler v. U.S. Att'y Gen., 409 F.3d 1280, 1285-87 (11th Cir. 2005); Salim v. Ashcroft, 350 F.3d 307, 309-10 (3d Cir. 2003); Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 972 (9th Cir. 2003). A long period of residence in the United States, military service and/or registration with the Selective Service, and completing a portion of the naturalization process (including an oath of allegiance) do not suffice. See Tovar-Alvarez v. U.S. Att'y Gen., 427 F.3d 1350, 1353 (11th Cir. 2005); Alwan v. Ashcroft, 388 F.3d 507, 512-13 (5th Cir. 2004); Reyes-Alcaraz v. Ashcroft, 363 F.3d 937, 939-40 (9th Cir. 2004); United

-3-

States v. Jimenez-Alcala, 353 F.3d 858, 860-62 (10th Cir. 2003).[4]

There are several justifications for this conclusion. First, absent a fully completed naturalization process, the term "national" has traditionally only been applied to certain persons born in the outlying territories of the United States. See Jimenez-Alcala, 353 F.3d at 861 (stating that the concepts of "citizenship" and "nationality" are essentially synonymous, and that the only noncitizen U.S. nationals are residents of American Samoa and Swains Island); see also Reyes-Alcaraz, 363 F.3d at 939. Second, the relevant immigration statutes, 8 U.S.C. §§ 1401-1458, provide that completion of naturalization is the only means by which an alien can become a national of the United States. See Marquez-Almanzar, 418 F.3d at 216-19; Sebastian-Soler, 409 F.3d at 1285-86; Perdomo-Padilla, 333 F.3d at 968-71. Third, the contrary result could potentially allow an alien to avoid deportation by simply filing a futile naturalization application. See Perdomo-Padilla, 333 F.3d at 970. Fourth, we do not think that the submission of a naturalization application, which can be denied or

_____

[4]There is one circuit decision that may be to the contrary. In the context of a criminal appeal, the Fourth Circuit concluded, without elaboration, that the defendant's victim was a United States "national" because he had applied for citizenship, thereby showing a "permanent allegiance to the United States." See United States v. Morin, 80 F.3d 124, 126 (4th Cir. 1996). We do not follow Morin because, as explained above, we find the contrary view more persuasive. We note, moreover, that in a recent unpublished immigration case, the Fourth Circuit distinguished Morin and followed the majority position. See Daly v. Gonzales, 129 Fed. Appx. 837, 840-43 (4th Cir. 2005).

-4-

withdrawn at any time by the applicant, is very strong evidence of a "permanent" allegiance to the United States.  <u>See</u> <u>id.</u> at 968-69; <u>see also</u> <u>Jimenez-Alcala</u>, 353 F.3d at 861-62 (residing in the United States for a long period or subjectively considering oneself a person who owes permanent allegiance to the U.S. does not render one a national).

Because Abou-Haidar was never naturalized, he is not a "national" of the United States.  The petition is therefore **<u>denied.</u>**