United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-60558
_____

ANSLEM SHERLON IFILL,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the Board of Immigration Appeals
No. A37 833 610

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Anslem Sherlon Ifill is a citizen of Trinidad and Tobago who had been a permanent legal

resident of the United States since 1983. In 1993, Ifill was convicted of attempted robbery, and, in

2002, he was convicted of two misdemeanor drug charges. An immigration judge (IJ) found Ifill

deportable under both convictions; the attempted robbery was an aggravated felony, deportable under

8 U.S.C. § 1227(a)(2)(A)(iii), and the drug charges were controlled substance violations, deportable

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

under 8 U.S.C. § 1227(a)(2)(B)(i). The Board of Immigration Appeals (BIA) affirmed the IJ's decision.

Ifill challenges the BIA decision on two grounds, both of which were raised and rejected during the removal proceedings.[1] First, Ifill claims that the IJ should have terminated the removal proceedings because he had "established a prima facie eligibility for naturalization," pursuant to 8 C.F.R. § 1239.2(f). Ifill bases his naturalization claim on 8 U.S.C. § 1440(a), which grants certain narrow exceptions to naturalization requirements for aliens who saw active combat duty while members of the U.S. armed services. It is undisputed that Ifill was a member of the Army Reserves and saw combat duty during the Gulf War. But Ifill cannot make a prima facie showing of eligibility under § 1440(a) because his aggravated felony conviction bars his satisfaction of the good moral character requirement under 8 U.S.C. § 1101(f)(8). Ifill argues that § 1440(b) exempts the good moral character requirement of § 1101(f)(8), but we have previously rejected that argument. *Lopez v. Henley*, 416 F.3d 455, 457-58 (5th Cir. 2005) (applying *Chevorn* deference to the INS's interpretation of § 1440(b) as not exempting the good moral character requirement of § 1101(f)(8)). Because Ifill cannot satisfy the good moral character requirement, he cannot establish a prima facie eligibility for naturalization, and the BIA did not abuse its discretion in refusing to terminate the removal proceedings.

Ifill's second argument is also settled by precedent in this court. He argues that he is not subject to deportation because he is not an alien but, rather, a non-citizen national of the United

---

[1] Ifill raised a third argument ) ) that *res judicata* prevents the government from adding to the list of deportable offenses following a remand from the BIA ) ) but this argument was waived because he failed to raise it until his reply brief. *See United States v. Jackson*, 426 F.3d 301, 304 n. 2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . ., are waived."); *see also Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005).

States. *See Alwan v. Ashcroft*, 388 F.3d 507, 512 (5th Cir. 2004) ("Only aliens are deportable under the Immigration and Nationality Act."). The Immigration and Nationality Act (INA) defines "national" as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). Ifill attempts to establish his nationality by claiming that he has demonstrated his permanent allegiance to the United States. In *Omolo v. Gonzales*, 452 F.3d 404 (5th Cir. 2006), we stated "that a person may become a national only by birth or by completing the naturalization process" and rejected the alien's reliance on demonstrations of allegiance. *Id.* at 409. By holding that § 1101(a)(22) does not offer aliens nationality through a demonstration of allegiance, we joined the majority of circuits who have addressed this issue. *See Abou-Haidar v. Gonzales*, 437 F.3d 206, 207 (1st Cir. 2006); *Marquez-Almanzar v. INS*, 418 F.3d 210, 218-19 (2d Cir. 2005); *Sebastian-Soler v. U.S. Attorney General*, 409 F.3d 1280, 1285-87 (11th Cir. 2005), cert. denied, 126 S. Ct. 1662, 164 L. Ed. 2d 397 (2006); *Salim v. Ashcroft*, 350 F.3d 307, 309-10 (3d Cir. 2003); *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 972 (9th Cir. 2003); *see also United States v. Jimenez-Alcala*, 353 F.3d 858, 861 (10th Cir. 2003). *But see United States v. Morin*, 80 F.3d 124, 126 (4th Cir. 1996) (finding an intended murder victim to be a United States citizen because he had applied for citizenship). Because Ifill is not alleging that he is a national by birth or by naturalization, he cannot establish that he is a non-citizen national.

For the foregoing reasons, Ifill's petition for review and motion to withdraw the stay of removal[2] are DENIED.

---

[2] In addition to challenges to the BIA decision, Ifill also has a motion pending before this court. Following the second BIA decision, Ifill sought and received a stay of the removal proceedings pending resolution of his appeal. He subsequently filed a motion to withdraw the stay

of removal; that motion was carried with the case. Because the resolution of this appeal terminates the stay of removal, the relief Ifill seeks in the motion)) a withdrawal of the stay of removal)) is effectively satisfied. Therefore, his motion is moot.