Cruz Augusto **RODRIGUEZ–PALIN**, Plaintiff,

v.

District Director Mary Ann **GANTNER**, et al., Defendants.

No. 06 CIV. 2925.

United States District Court, S.D. New York.

Dec. 29, 2006.

Cruz Augusto Rodriguez–Palin, New York, NY, pro se.

James Loprest, Sp. Asst. U.S. Atty., S.D.N.Y., New York City, NY, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

*Pro Se* petitioner Cruz Augusto Rodriguez–Palin ("Rodriguez–Palin") filed the instant action which he characterizes as a "Petition for Writ of Habeas Corpus for Genuine Legal Entitlement to National Rights Derived From Section 341(b)(2) of the INA" (the "Petition"). Viewed in its most favorable light, the Petition asserts that Rodriguez–Palin, by reason of his long period of physical presence in the United States and permanent allegiance to this country, as demonstrated by his application in January 2004 to become a naturalized United States citizen, now qualifies to be declared a non-citizen national of the United States as defined in § 101(a)(22)(B) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1101(a)(22)(B). By letter to the Court dated October 20, 2006, the Government responded to the petition and moved for its dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), (6) and (7) on the grounds of lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted and failure to name an indispensable party. In response to the Court's memo-endorsed Order dated October 26, 2006, Rodriguez–Palin timely submitted a letter-reply dated November 3, 2006. Having reviewed the parties' respective papers, for the reasons stated below the Government's motion is GRANTED.

### I. DISCUSSION

■ The Government's subject matter jurisdiction challenge points out that Rod-

riguez–Palin styles his Petition as one seeking a writ of habeas corpus, although he does not allege that he is being held in custody improperly under color of law. *See* 28 U.S.C. § 2241(c)(1). The Court agrees. However, in view of Rodriguez–Palin's *pro se* status, the Court will deem the Petition as a request for a declaratory judgment pursuant to INA § 1101(a)(22)(B) and exercise subject matter jurisdiction on that basis.

■ With regard to the merits of the Petition and the Government's opposition, the Court finds controlling authority in the decision of the Second Circuit in *Marquez–Almanzar v. INS*, 418 F.3d 210 (2d Cir. 2005). There the Circuit Court stated explicitly that "one cannot qualify as a U.S. National under 8 U.S.C. § 1101(a)(22)(B) by a manifestation of 'permanent allegiance' to the United States." *Id.* at 218–19 (*citing Oliver v. INS*, 517 F.2d 426, 428 (2d Cir.1975)); *see also Abou–Haidar v. Gonzales*, 437 F.3d 206, 207 (1st Cir.2006).

Rodriguez–Palin's reply does not address *Marquez–Almanzar* or the other authorities cited by the Government for the proposition that a non-citizen's demonstration of allegiance to the United States by itself does not suffice to confer status as a United States non-citizen national. Instead, Rodriguez–Palin again recites his repeated unsuccessful efforts to process a Form N–400 application for non-citizen national status through the Vermont Service Center starting in August, 2002. He provides no facts detailing any recognized ground deriving from any of the categories of persons defined by the INA as non-citizen nationals that would qualify him to assert a claim to such status. *See Marquez–Almanzar*, 418 F.3d at 217. Accordingly, the Petition does not state a basis upon which the Court may grant relief.

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 3) of the respondent herein to dismiss the petition of petitioner Cruz Augusto Rodriguez–Palin is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**