**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1649

DENNIS A. MCCARTHY,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

<u>Dennis A. McCarthy</u> on brief pro se.
    <u>Corey L. Farrell</u>, Office of Immigration Litigation, <u>Gregory G. Katsas</u>, Assistant Attorney General, and <u>Greg D. Mack</u>, Senior Litigation Counsel, on brief for respondent.

January 9, 2009

**Per Curiam**.  Pro se petitioner Dennis A. McCarthy seeks review of a Board of Immigration Appeals (BIA) decision upholding a removal order issued by an immigration judge.  McCarthy was ordered removed to Jamaica on the ground that he was an alien subject to removal because of his conviction for a federal crime that qualified as an aggravated felony and a controlled substance offense.[1]  See 8 U.S.C. § 1227(a)(2)(A)(iii) (providing for the removal of aliens "convicted of an aggravated felony"); id. (B)(i) (same for aliens convicted of, inter alia, federal controlled substance violations "other than a single offense involving possession for one's own use of 30 grams or less of marijuana").

Although we lack jurisdiction to review removal orders against criminal aliens, see 8 U.S.C. § 1252(a)(2)(C), we have limited jurisdiction to consider "constitutional questions or questions of law."  Id. § 1252(a)(2)(D).  On appeal, McCarthy raises such questions, and we review them de novo.  See Abou-Haidar v. Gonzales, 437 F.3d 206, 207 (1st Cir. 2006) (so stating with respect to the question whether an alien has been naturalized); accord Julce v. Mukasey, 530 F.3d 30, 33 n.3 (1st Cir. 2008) (whether a conviction constitutes an aggravated felony); Urena-Ramirez v. Ashcroft, 341 F.3d 51, 53 (1st Cir. 2003) (whether a

---

[1]On November 4, 2008, the government filed a notice of intent to remove McCarthy "on or after November 20, 2008."  Given the collateral consequences of being removed as an aggravated felon, McCarthy's removal would not moot his petition for review.  Leitao v. Reno, 311 F.3d 453, 456 (1st Cir. 2002).

conviction constitutes a controlled substance offense); González-Mesías v. Mukasey, 529 F.3d 62, 64 (1st Cir. 2008) (constitutional questions). Finding no merit in any of McCarthy's arguments, we deny the petition in part and otherwise dismiss it for lack of jurisdiction for the following reasons.

1. McCarthy's strongest point in support of his argument that he is a United States national--and not an alien subject to removal--is that he is a lawful permanent resident who swore allegiance to this country and filed an application for citizenship. But McCarthy's failure to complete the naturalization process dooms his argument. See Abou-Haidar, supra, 437 F.3d at 207-08. We have rejected the reasoning of the Fourth Circuit case that McCarthy relies on, id. at 207 n.4 (disagreeing with United States v. Morin, 80 F.3d 124, 126 (4th Cir. 1996)), and the Fourth Circuit itself has concluded that Morin is no longer authoritative. See Fernandez v. Keisler, 502 F.3d 337, 347-48 (4th Cir. 2007) (majority opinion), cert. denied, 129 S. Ct. 65 (2008).

2. McCarthy's conviction for possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)--for which he received a 121-month prison term, as his written criminal judgment shows--satisfied the prerequisites in 8 U.S.C. § 1101(a)(43)(B), and so constitutes an aggravated felony. See id. (defining an "aggravated felony" to include "a drug trafficking crime (as defined in section 924(c) of Title 18)"); 18 U.S.C. §

-3-

924(c) (defining "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)"). McCarthy's arguments to the contrary are foreclosed by our precedent. See Conteh v. Gonzales, 461 F.3d 45, 59, 62 (1st Cir. 2006) (majority opinion) (concluding that in removal proceedings the government need only show that an alien has been convicted of a crime involving "every element" of the relevant § 1101(a)(43) offense and may rely on the conviction records to meet its burden of proof), cert. denied, 127 S. Ct. 3003 (2007); Julce, supra, 530 F.3d at 35-36 (concluding that an alien in removal proceedings has the burden of showing that the marijuana misdemeanor described in 21 U.S.C. § 841(b)(4) applies; and that if he fails to meet his burden, then a § 841(a)(1) conviction is deemed "punishable as a felony" under § 841(b)(1)(D)).

3.  The government bears the burden of proving that the statutory controlled substance exception for "a single offense involving possession for one's own use of 30 grams or less of marijuana" does not apply. Medina v. Ashcroft, 393 F.3d 1063, 1065 n. 5 (9th Cir. 2005) (citing Sandoval v. INS, 240 F.3d 577, 581 (7th Cir. 2001)). Contrary to McCarthy's contention, it satisfied that burden by submitting McCarthy's conviction records documenting his 121-month sentence. His sentence would have been capped at 60 months if his offense had involved "30 grams or less" of marijuana.

See § 841(b)(1)(D) (providing for a statutory maximum of 5 years for offenses involving "less than 50 kilograms" of marijuana).

4. For present purposes, we assume that McCarthy properly exhausted his constitutional and international law arguments opposing his removal on the ground that it would deny him his right to "familial integrity." See Royal Siam Corp. v. Chertoff, 484 F.3d 139, 144 (1st Cir. 2007) (indicating that this court has sometimes bypassed problematical jurisdictional questions in immigration cases where "precedent clearly adumbrates the result on the merits"). A recent decision by this court shows that McCarthy cannot prevail on his claims. See Payne-Barahona v. Gonzales, 474 F.3d 1, 2-4 (1st Cir. 2007) (concluding that an "otherwise valid deportation" does not violate constitutional due process, that the international conventions at issue here do not have "the force of domestic law," and that, in any event, their conflicting provisions would give way to the "clear intent of Congress" found in the immigration statute's removal provisions).

The petition for review is denied in part and otherwise dismissed for lack of jurisdiction.