United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 06-60349
Summary Calendar

————————————

LAMBERT ROSLINS CHIMA LUCIOUS, also known as Lambert Roslins
Emereni, also known as Lambert Roslins Roslins Emereni, also
known as Lambert Roslins Lucious, also known as Lambert
R. Lucious,

                                        Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 385 989
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Lambert Roslins Chima Lucious petitions for review of a Board

of Immigration Appeals (BIA) decision dismissing his appeal and

ordering him removed from the United States as an alien convicted

of an aggravated felony.

     Lucious, a native and citizen of Nigeria, was convicted in

March 1993 of conspiracy to possess with intent to distribute in

excess of one kilogram of heroin.  Lucious contends that he is not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removable because he is a United States citizen. Lucious claims that he filed an application for naturalization and interviewed for citizenship in 1992, at which time he signed his oath of allegiance to the United States and surrendered his resident permit card.

"[A] person may become a national only by birth or by completing the naturalization process." Omolo v. Gonzales, 452 F.3d 404, 409 (5th Cir. 2006). Lucious was not born in the United States, and he has not completed the naturalization process. The filing of an application for naturalization accompanied by the taking of an oath of allegiance and by the surrendering of a green card is insufficient to establish citizenship. See id. at 408 & 409. Lucious has not shown that he is a national of the United States, and therefore he is subject to removal. See id.

Lucious also contends that his due process rights were violated when the immigration judge failed to provide him access to his citizenship application files and denied his request to subpoena Government officials to testify concerning the status of his naturalization application. Lucious has failed to allege how the contents of his citizenship files or the testimony of the Government officials would have affected the outcome of the removal hearing. The failure of Lucious to complete the naturalization process is indisputable. Lucious has not made an initial showing of substantial prejudice. See Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

For the foregoing reasons, Lucious's petition for review is denied. His motion for production of his citizenship files is denied as this court is not the appropriate forum for such a motion. Lucious's motion for appointment of counsel also is denied.

PETITION FOR REVIEW DENIED; MOTION FOR PRODUCTION OF DOCUMENTS DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.