**Rigoberto TREJO, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–60076.

United States Court of Appeals, Fifth Circuit.

April 4, 2011.

Lawrence Erik Rushton, Rushton Law Firm, Bellaire, TX, for Petitioner.

Rachel Louise Browning, Trial Attorney, Tangerlia Cox, Luis Enrique Perez, Senior Litigation Counsel, Don George Scroggin, Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM: *

Rigoberto Trejo, a citizen of Mexico, petitions this court for review of a Board of Immigration Appeals ("BIA") decision

* Pursuant to 5th Cir. R. 47.5, the court has    determined that this opinion should not be

dismissing his appeal of an Immigration Judge's ("IJ") decision ordering him removed from the United States. Trejo entered the United States in January 1997. Trejo's father, who was a legal permanent resident at the time, filed an immigrant visa petition on Trejo's behalf. In September 2001, Trejo applied for a nonimmigrant "V-visa," pursuant to 8 U.S.C. § 1101(a)(15)(V), which provides nonimmigrant status to an alien who is the beneficiary of an immigrant relative petition that was filed on or before December 21, 2000, subject to certain enumerated conditions. Trejo's application was approved on November 20, 2001, and was valid until December 8, 2001. Almost a year later, Trejo was convicted of the fraudulent use of a social security number and removal proceedings were initiated. The Department of Homeland Security ("DHS") alleged that Trejo was removable pursuant to 8 U.S.C. § 1227(a)(1)(B) because he had remained in the country longer than his visa permitted.

During the course of Trejo's lengthy removal proceedings, Trejo requested that his case be administratively closed so that he could apply to DHS for an extension of his "V" nonimmigrant status. The IJ granted his request. DHS subsequently denied Trejo's application for "V" nonimmigrant status, however, finding him inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime involving moral turpitude: his conviction for fraudulent use of a social security number.

When Trejo's removal proceeding recommenced in 2006, he submitted an application for a waiver of inadmissibility under § 1182, also known as a "§ 212(h) waiver." Such a waiver, if granted, would allow Trejo to overcome the ground of inadmissibility on which DHS denied his application for "V" nonimmigrant status. The IJ determined that she did not have jurisdiction to review his waiver application and denied his request for a continuance so that he could await the availability of a visa. The IJ noted that Trejo did not have a visa number available to him through which he could apply for adjustment of status; that he had not identified any other type of relief for which he might be eligible; and that he had not submitted any other application for admission along with the request for a waiver of inadmissibility.[1] Because Trejo's waiver request was based solely on DHS's denial of his "V" nonimmigrant status application—over which the IJ had no jurisdiction—the IJ held that it had no jurisdiction to consider his application for a waiver for admissibility. The BIA agreed, and Trejo timely filed a petition for review in this court.

■ We review the BIA's findings of fact for substantial evidence and its legal determinations *de novo. Lopez–Gomez v. Ashcroft,* 263 F.3d 442, 444 (5th Cir.2001). Although we do not have jurisdiction "to review a decision of the Attorney General to grant or deny a § 212(h) waiver, our court has jurisdiction ... to review the question of law presented by [Trejo's] challenge to the BIA's construction of § 212(h)." *Martinez v. Mukasey,* 519 F.3d 532, 541 (5th Cir.2008) (internal quotation marks and citations omitted). We afford substantial deference to the BIA's interpretation of immigration statutes, as well as its own regulations. *Singh v. Gonzales,* 436 F.3d 484, 487 (5th Cir.2006) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

---

published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1. Although Trejo had previously filed an application for adjustment of status in the proceedings, the IJ had denied that application in 2005.

■ The regulations governing removal proceedings specify that an IJ may entertain an application for a § 212(h) waiver "in conjunction with" an application for adjustment of status "made to an immigration judge." 8 C.F.R. § 1240.11(a)(2). Trejo made no application for adjustment of status, nor could he have, as no immigrant visa was immediately available to him. *See* 8 U.S.C. § 1255(a). Trejo instead argues that the IJ should have considered the waiver in conjunction with his "V" nonimmigrant visa application, made to DHS. The IJ has no jurisdiction over that application, however.

Under the regulations, aliens eligible for a "V" visa "may apply to the Service to obtain" one. 8 C.F.R. § 214.15(b). The role of the IJ is limited to administratively closing removal proceedings "in order to allow the alien to pursue an application ... with the Service." *Id.* § 214.15(*l*). Should DHS decide that the alien is ineligible, it must recommence removal proceedings, as it did in this case. *Id.* Thus, "immigration judges have no jurisdiction to decide visa petitions." *In re Aurelio*, 19 I. & N. Dec. 458, 460 (BIA 1987). Allowing the IJ to consider a § 212(h) waiver in conjunction with a denied visa application, as Trejo urges, would effectively allow the IJ to adjudicate the application—a power that the regulations reserve to DHS.

Trejo also suggests that the IJ had jurisdiction to consider the § 212(h) waiver, even in the absence of an application for adjustment of status, through the exercise of her broad *nunc pro tunc* authority. While this authority is broad, it does have limits. The immigration courts have "discretion to allow *nunc pro tunc* proceedings in two well defined situations: (1) where the only ground of deportability or inadmissibility would thereby be eliminated; and (2) where the alien would receive a grant of adjustment of status in connection with the grant of any appropriate waivers." *Romero–Rodriguez v. Gonzales,* 488 F.3d 672, 679 (5th Cir.2007) (internal quotation marks omitted); *see also In re Garcia–Linares,* 21 I. & N. Dec. 254, 257–58 (BIA 1996) ("[T]he instance in which such relief could be granted have been limited to those in which the grant would effect a complete disposition of the case...."). Neither situation applies here. Trejo faced an additional ground of deportability—overstaying his visa—and, as already discussed, Trejo was not eligible for adjustment of status. Thus, even assuming without deciding that the IJ's *nunc pro tunc* authority would allow her to entertain a freestanding request for a § 212(h) waiver, that authority was not broad enough to reach his case.

Finally, Trejo argues that the BIA's construction of the statute and regulations provides no opportunity for aliens applying for "V" visas from within this country to seek a waiver of inadmissibility, which frustrates Congress's purpose of promoting immigrant family reunification. Contrary to Trejo's argument, the U.S. Citizenship and Immigration Service's Adjudicator's Field Manual states that "V" visa applicants "who are inadmissible under section 212(a) of the Act may request a waiver of such grounds of inadmissibility pursuant to section 212(d)(3)(A) of the Act." A.F.M. § 37.4(f)(2). Thus, an applicant may request a waiver from DHS, which, unlike the immigration court, has the power to adjudicate the visa application.

Even if Trejo's construction—allowing an IJ to adjudicate a freestanding § 212(h) waiver—might be more consistent with Congress's goal of keeping families together, we are not free to overlook a statute's plain language to further a broader statutory purpose. *See Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 461–62, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). Here, the

applicable statutes and regulations compel the conclusion that the IJ did not have jurisdiction over Trejo's § 212(h) waiver application. Accordingly, we DENY Trejo's petition for review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.