# United States Court of Appeals
## For the First Circuit

No. 21-1111

AMAURY VLADIMIR REYES-BATISTA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

PETITON FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Barron, Chief Judge,
Howard and Gelpí, Circuit Judges.

Stuart Altman, Law Office of Stuart Altman, for petitioner.
Todd J. Cochran, Office of Immigration Litigation, Civil Division, United States Department of Justice, with whom Brian M. Boynton, Assistant Attorney General, and John S. Hogan, Assistant Director, Office of Immigration Litigation, were on brief, for respondent.

October 7, 2022

**HOWARD**, **Circuit Judge**.   Petitioner Amaury Vladimir Reyes-Batista seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") order denying him relief from removal.  Reyes-Batista argues that the BIA erred in denying him nunc pro tunc relief under former § 212(c) of the Immigration and Nationality Act ("INA") and on equitable estoppel grounds.  Discerning no error in the agency decision, we deny the petition.

## I.

Reyes-Batista, a citizen of the Dominican Republic, was granted lawful permanent resident ("LPR") status in October 1990, at the age of fourteen.  In 1996, he was convicted in New York of third-degree attempted criminal sale of a controlled substance (heroin).   As a result, the government initiated removal proceedings against him in Oakdale, Louisiana.  At his removal hearing, Reyes-Batista sought relief under former § 212(c) of the INA.  See 8 U.S.C. § 1182(c) (1996).  Section 212(c) gave the Attorney General discretion to waive removal for certain LPRs, provided that they had established a domicile in the United States for seven consecutive years.  An IJ found that Reyes-Batista did not meet the seven-year domicile requirement necessary for relief and ordered him removed.  Reyes-Batista was removed to the Dominican Republic in October 1996.

Reyes-Batista later made his way back to the United States, entering without inspection. In 2015, he was charged in the U.S. District Court for the District of Connecticut with various offenses stemming from his involvement in a fraudulent tax scheme. See United States v. Reyes-Batista, 844 F. App'x 404, 406 (2d. Cir. 2021). An additional charge for illegal reentry under 8 U.S.C. § 1326(a) was dismissed before trial because the district court found that Reyes-Batista was prejudiced by a fundamental procedural error in his 1996 removal proceeding when the IJ informed him that he was ineligible for § 212(c) relief. According to the district court, Reyes-Batista's mother's lawful residency "could be imputed" to him for purposes of establishing the seven-year domicile period.

Reyes-Batista was convicted of the fraud-related charges and sentenced to time served, plus three years of supervised release and restitution. Reyes-Batista, 844 F. App'x at 406. In early 2021, the Second Circuit affirmed his convictions. Id. at 410.

On December 9, 2019, the Department of Homeland Security ("DHS") initiated removal proceedings against Reyes-Batista by filing a Notice to Appear ("NTA") in Boston immigration court. The NTA charged Reyes-Batista with removability based on four INA provisions: 1) § 212(a)(2)(C) (8 U.S.C. § 1182(a)(2)(C)(i)) ("alien who the consular officer or the Attorney General knows or

- 3 -

has reason to believe . . . is or has been an illicit trafficker in any controlled substance"); 2) § 212(a)(9)(C)(i)(II) (8 U.S.C. § 1182(a)(9)(C)(i)(II)) ("alien who . . . has been ordered removed . . . who enters or attempts to reenter the United States without being admitted"); 3) § 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)) ("alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General"); and 4) § 212(a)(7)(A)(i)(I) (8 U.S.C. § 1182(a)(7)(A)(i)(I)) (immigrant not in possession of "valid entry document[s]"). Reyes-Batista denied the charges of removability and argued that DHS should be equitably estopped from removing him, and sought cancellation of removal, nunc pro tunc § 212(c) relief, and voluntary departure. Following two hearings, the Boston IJ ultimately concluded that the evidence sufficiently sustained all four charges, and that Reyes-Batista was ineligible for relief from removal.

Reyes-Batista appealed this decision to the BIA, focusing on the IJ's denial of his nunc pro tunc and equitable estoppel claims. On January 7, 2021, the BIA dismissed the appeal.[1] Reyes-Batista's timely petition for review followed.

---

[1] In his appeal to the BIA, Reyes-Batista also challenged the IJ's denial of his request for a continuance. The BIA rejected this claim in its decision, and Reyes-Batista has not challenged this portion of the BIA's decision on appeal.

- 4 -

"Where, as here, the BIA adopted and affirmed the IJ's ruling, and discussed some of the bases for the IJ's opinion, we review both the BIA's and IJ's opinions." Idy v. Holder, 674 F.3d 111, 117 (1st Cir. 2012) (citing Zheng v. Gonzales, 475 F.3d 30, 33 (1st Cir. 2007)). "We review the BIA's and/or IJ's findings of fact under the substantial evidence standard, reversing only if 'the record evidence would compel a reasonable factfinder to make a contrary determination.'" Stroni v. Gonzales, 454 F.3d 82, 87 (1st Cir. 2006) (quoting Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004)). "We review legal conclusions de novo, 'with appropriate deference to the agency's interpretation of the underlying statute in accordance with administrative law principles.'" Id. (quoting Gailius v. INS, 147 F.3d 34, 43 (1st Cir. 1998)).

**A. Reyes-Batista is not eligible for nunc pro tunc relief under former § 212(c)**

A noncitizen convicted of an aggravated felony after admission to the United States is removable. See 8 U.S.C. § 1227(a)(2)(A)(iii). Former INA § 212(c) gave the Attorney General "relatively broad discretion to grant relief to aliens otherwise deemed inadmissible or removable if they had established a lawful, unrelinquished domicile in the United States of seven consecutive years." Omar v. Lynch, 814 F.3d 565, 567 (1st Cir. 2016) (citing former § 212(c)). Although § 212(c) was repealed by

- 5 -

§ 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the Supreme Court subsequently held that IIRIRA's repeal of former § 212(c) does not apply retroactively. See INS v. St. Cyr, 533 U.S. 289, 326 (2001). Thus, § 212(c) relief remains available to eligible persons convicted of an offense before IIRIRA's effective date in April 1997. See id. at 315, 326.

But Reyes-Batista is not presently eligible for § 212(c) relief. Current regulations provide that relief under former § 212(c) is only available to LPRs. See 8 C.F.R. § 1212.3(f)(1). As the IJ noted, and Reyes-Batista does not dispute, he is not an LPR because his 1996 removal order -- which terminated his LPR status -- remains valid. Therefore, his only means of obtaining § 212(c) relief would be through a nunc pro tunc waiver.

"Nunc pro tunc, . . . meaning 'now for then,' refers to the power of [an adjudication] to treat something done now -- typically a court order -- as effective as of an earlier date." Gutierrez-Castillo v. Holder, 568 F.3d 256, 261 (1st Cir. 2009) (quoting Mahabir v. Ashcroft, 387 F.3d 32, 33 (1st Cir. 2004)). In pursuing nunc pro tunc permission to reapply for relief under former INA § 212(c), Reyes-Batista asks to have his § 212(c) application adjudicated nunc pro tunc to the date of his original hearing in 1996, before he lost his LPR status.

The IJ concluded that Reyes-Batista was not entitled to nunc pro tunc relief, because granting it would not eliminate his four grounds of removability under the INA. The BIA agreed, explaining that "[n]unc pro tunc relief is not available unless it would completely dispose of the case," and Reyes-Batista "would still be considered an arriving alien, and inadmissible, even if he were granted a section 212(c) waiver nunc pro tunc."

We agree. First, as a threshold matter, and as Reyes-Batista points out, it is not clear whether nunc pro tunc relief is available in this circuit to correct a substantive error by a previous immigration court. See Fernandes Pereira v. Gonzales, 417 F.3d 38, 47-48 (1st Cir. 2005) (declining to extend nunc pro tunc relief to petitioner who "was denied the opportunity to seek timely section 212(c) relief under a good faith legal interpretation of the law at the time," and noting that "we have stated that nunc pro tunc authority may only be used to correct inadvertent or clerical errors").

Nevertheless, nunc pro tunc relief under former § 212(c) is not an available remedy here. As the BIA has explained, its authority and that of "[IJs] to grant [nunc pro tunc] permission in deportation or exclusion proceedings . . . is limited . . . . [and] has been extended only to instances where all established grounds of deportability or inadmissibility are eliminated." In re Garcia-Linares, 21 I. & N. Dec. 254, 258 (BIA

- 7 -

1996); see Trejo v. Holder, 421 F. App'x 339, 341 (5th Cir. 2011) (per curiam) (explaining that "[t]he immigration courts have 'discretion to allow nunc pro tunc proceedings in two well defined situations,'" one of which is "where the only ground of deportability or inadmissibility would thereby be eliminated" (citation omitted)); Corona-Mendez v. Holder, 593 F.3d 1143, 1148 (9th Cir. 2010) ("Because the Board does not grant nunc pro tunc permission to reapply if the petitioner is deportable based on multiple grounds of inadmissibility, it was . . . properly denied here."); Patel v. Gonzales, 432 F.3d 685, 693 (6th Cir. 2005); Matter of Roman, 19 I. & N. Dec. 855, 859 (BIA 1988). Because the BIA's policy regarding nunc pro tunc relief is a "discretionary administrative practice," we "have no authority to require the Board to extend" it. Corona-Mendez, 593 F.3d at 1148 n.4.

Here, even were Reyes-Batista to receive retroactive § 212(c) relief through a grant of nunc pro tunc permission to reapply, it would not "complete[ly] dispos[e] of [his] case." Reyes-Batista would remain removable at the very least under the INA provision relating to his unauthorized reentry, § 212(a)(9)(C)(i)(II). See supra at 4. That alone renders him ineligible for nunc pro tunc relief. See In re Garcia-Linares, 21 I. & N. at 258.

## B. Equitable estoppel is not warranted

"Estoppel requires showing that the government engaged in 'affirmative misconduct' that caused the petitioning individual to act in a way []he otherwise would not have." Westover v. Reno, 202 F.3d 475, 481 (1st Cir. 2000) (quoting Akbarin v. INS, 669 F.2d 839, 842-43 (1st Cir. 1982)).[2]

Reyes-Batista argues that the government should be equitably estopped from bringing new removal proceedings against him because the first IJ, in Louisiana, failed to inform him at his 1996 hearing that he was potentially eligible for § 212(c) relief. According to Reyes-Batista, this eligibility stemmed from a 1992 Second Circuit case holding that a parent's domicile could be imputed to a child for purposes of § 212(c) if there was a significant relationship between the parties.[3] Reyes-Batista points to the following colloquy at his 1996 removal hearing as

---

[2] Even where these two elements of estoppel are met, estoppel against the government may nevertheless be inappropriate based on competing policy and equitable considerations. See Akbarin, 669 F.2d at 844. This is all the more true in immigration cases, where "the state of the doctrine of estoppel against the Government is difficult to determine." Id. at 842.

[3] Reyes-Batista does not mention the case -- Rosario v. INS, 962 F.2d 220 (2d. Cir. 1992) -- in his brief, but instead relies primarily on the Connecticut district court's fundamental fairness analysis to support his equitable estoppel claim, which, in turn, relied on Rosario. Although Reyes-Batista's argument lacks development, we assume arguendo that it was not waived and proceed to the merits.

evidence that the Louisiana IJ engaged in affirmative misconduct by misinforming him of his eligibility for § 212(c) relief:

> [IJ]: Counselor, do you seek any relief from deportation?
> Counsel for Reyes-Batista: Umm, well, we would . . . 212c, since the Attorney General has vacated Soriano, we believe that he's eligible, at least for the time being, until some new decision is made as to whether it pertains to cases that were, or convictions, that were prior to April 24th.
> [IJ]: Okay[.]
> Government: Your honor, the respondent doesn't have the requisite 7 years for 212c relief.  He entered this country as an immigrant on Oct. 12, 1990.
> [IJ]: He doesn't even have the 7 years counselor.
> Counsel: Oh, I must have miscalculated when I read this then.  Um, that's the only form that I know of your honor.
> [IJ]: I understand that.  I'm not aware of any relief, is the government aware of any relief?
> Government: No, your honor.
> . . . .
> [IJ]: The respondent through counsel would seek 212c waiver.  And there is the issue in the Second Circuit and how you calculate the time that his mother had lawful permanent residence and also the . . . but it doesn't apply here . . . and also because of the Antiterrorism bill, he surely does not have . . . he's not eligible currently for the 212c waiver.

The Boston IJ found that the "facts of this case fall far short of the affirmative government misconduct standard" because even if Reyes-Batista would have been eligible for relief under former § 212(c), there was "insufficient evidence that [the Louisiana IJ's statements were] an intentional act meant to deprive

[Reyes-Batista] of his due process rights to apply from relief from removal." The IJ further noted that the Louisiana IJ "consulted with and sought input from both government counsel and [Reyes-Batista's] counsel at the hearing." The BIA agreed, stating only that "[e]quitable estoppel is not appropriate because the record does not establish that the [IJ] in the prior deportation proceedings engaged in affirmative misconduct by finding the respondent ineligible for relief under former section 212(c)."

We concur. The Second Circuit case that Reyes-Batista identifies as creating the "imputed domicile" theory under which he may have satisfied the seven-year requirement was not binding on the Louisiana immigration court in his 1996 proceeding, and no similar Fifth Circuit precedent existed at the time -- in fact, the available Fifth Circuit precedent suggested the contrary. Compare Rosario, 962 F.2d at 224 (holding that "the ameliorative purpose of § 212(c) is better served by permitting a minor to establish domicile through a parent with whom he had a significant relationship during the time in question") with Madrid-Tavarez v. INS, 999 F.2d 111, 111 (5th Cir. 1993) (holding "that a lawful permanent resident who is short of the seven year legal residence requirement cannot meet it by tacking time previously spent in the United States as an illegal alien for purposes of § 212(c)").[4]

_____

[4] The Supreme Court has since affirmed the BIA's interpretation that a person must meet § 1229b(a)'s (the statutory

- 11 -

More importantly, the Louisiana IJ appears to have given the question of Reyes-Batista's § 212(c) eligibility adequate consideration, and Reyes-Batista has failed to identify anything suggestive of "government misconduct." Westover, 202 F.3d at 481. Estoppel is therefore not appropriate here. Cf. Akbarin, 669 F.2d at 842 (explaining that "the Supreme Court [has] held that a Social Security Administration official's oral advice . . . that [plaintiff] was ineligible for certain benefits when in fact she was [eligible] did not estop the Government from denying her retroactive benefits for which she did not apply in time because of the oral advice").

### III.

For the foregoing reasons, we **deny** Reyes-Batista's petition.

---

provision that replaced § 212(c)) duration requirements on his or her own, thereby overruling Rosario and the decisions of two other circuit courts which had previously held that "the Board should impute a parent's years of domicile to his or her child" when "determining eligibility for relief under § 212(c)." Holder v. Martinez Gutierrez, 566 U.S. 583, 592 (2012).